COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


CHARLES LEE TAYLOR
                                        OPINION BY
v.   Record No. 2185-97-2    JUDGE RUDOLPH BUMGARDNER, III
                                     DECEMBER 15, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
               Oliver A. Pollard, Jr., Judge

        Mary Katherine Martin, Senior Assistant
        Public Defender, for appellant.

        Richard Barton Campbell, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Charles Lee Taylor appeals the denial of his motion to
suppress evidence obtained during a strip search.  The defendant
entered a conditional plea of guilty to possession of cocaine and
preserved his right to appeal the denial of the motion to
suppress.  He argues that the strip search violated his Fourth
Amendment rights.  We agree and reverse his conviction.

    A police officer saw the defendant walking in a known drug
area.  When the officer said he wanted to speak with him, the
defendant approached.  While they talked, the officer noticed the
defendant's eyes were bloodshot and he had a strong odor of
marijuana on his breath.  The defendant was cooperative and
laughing, and admitted smoking marijuana earlier that day saying,
"you know I smoke marijuana."  The officer arrested the defendant
for public intoxication.

The officer frisked the defendant for weapons and contraband before placing him in the cruiser. He patted down the defendant's outer garments, pockets, crotch, arms, and legs. He found nothing, and nothing caused him to suspect the defendant might be concealing contraband or weapons. At the jail, the officer advised the defendant that he would be strip searched. The arresting officer called for two deputies to assist when the defendant objected and became combative. The officer said that since the defendant's lack of cooperation got worse at this time, it "made me think he had something on him." The officers made the defendant remove one item of clothing at a time. When the defendant removed his underwear, they observed a plastic bag protruding from his anus. The officers seized the plastic bag which proved to contain cocaine.

The defendant contends that the evidence should be excluded because the strip search was illegal pursuant to Code § 19.2-59.1 and the Fourth Amendment. However, the fact that a search violates a legislative mandate without violating the Constitution does not provide for the exclusion of such evidence. See Hatcher v. Commonwealth, 14 Va. App. 487, 493, 419 S.E.2d 256, 260 (1992). See also Troncoso v. Commonwealth, 12 Va. App. 942, 944, 407 S.E.2d 349, 350 (1991) (Code § 19.2-60 does not authorize the suppression of evidence unless there is a constitutional violation or a violation of a statute which expressly provides for suppression). As a result, we turn our analysis to whether

the strip search violated the defendant's constitutional rights.

On appeal of a motion to suppress, the defendant has the burden of proving that a warrantless search violates his Fourth Amendment rights. See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980). We view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible from the evidence. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed de novo on appeal. Ornelas v. United States, 517 U.S. 690, 699 (1996). We review de novo the application of defined legal standards to the particular facts of a case. See id.

A lawful custodial arrest authorizes a full search of the person. See United States v. Robinson, 414 U.S. 218, 234-35 (1973) (defendant arrested for minor traffic offense). However, strip searches require special justification since they are peculiarly intrusive. "Strip searches of detainees are constitutionally constrained by due process requirements of reasonableness under the circumstances." Logan v. Shealy, 660 F.2d 1007, 1013 (4th Cir. 1981), cert. denied, 455 U.S. 942 (1982). In each case we must balance "'the need for the particular search against the invasion of personal rights that the search entails.'" Id. (quoting Bell v. Wolfish, 441 U.S.

520, 559 (1979)).  See Commonwealth v. Gilmore, 27 Va. App. 320, 328, 494 S.E.2d 464, 468 (1998) (police authority to conduct warrantless search is "only skin deep").  "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."  Bell, 441 U.S. at 559-60 (holding that both inmates and pre-trial detainees can be visually strip searched in the interests of "significant and legitimate security interests").

If strip searches of minor non-jailable offenders are conducted without reasonable suspicion that the detainee possesses contraband or weapons, they fail the balancing test of Bell v. Wolfish, 441 U.S. 520 (1979).  See Stewart v. Lubbock County, 767 F.2d 153, 156-57 (5th Cir. 1985), cert. denied, 475 U.S. 1066 (1986) (strip searches conducted without reasonable suspicion that minor offenders had possession of contraband are unreasonable and violate the Fourth Amendment).  See also Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1272 (7th Cir. 1983) (strip searches prohibited where minor offenders are not inherently dangerous, are not being committed to a jail population but are merely being briefly detained, and officers have no reason to believe they are hiding weapons or contraband).  Searches may not be conducted on the "'mere chance that desired evidence might be obtained.'"  Gilmore, 27 Va. App. at 329, 494 S.E.2d at 468 (quoting Schmerber v. California, 384 U.S. 757,

769-70 (1966)).  See LaFave & Israel, Criminal Procedure § 3.5(c), at 177 (2d ed. 1992) (routine strip searches cannot be "employed against all classes of arrestees").

The Commonwealth contends that the officer had reasonable suspicion to believe that the defendant possessed contraband.  It contends that the defendant smelled of marijuana, admitted recent use of the drug, and was arrested for marijuana intoxication in an area known for drug dealing.  The Commonwealth emphasizes that the defendant became belligerent when informed he would be strip searched, and it maintains that this constituted reasonable suspicion that he was hiding contraband.

The Commonwealth argues that this case is unique because the nature of the defendant's offense is commonly associated with the possession of contraband as compared with other non-drug offenses or with driving under the influence charges.  It argues those factors outweigh the limited invasion of the defendant's personal rights and justify the strip search.  This attempt to distinguish the present case from those cited herein is unpersuasive.

The officer suspected that the defendant possibly possessed contraband because the defendant became belligerent when told of the search.  However, "post hoc rationalizations have no place in our Fourth Amendment jurisprudence, which demands that we 'prevent hindsight from coloring the evaluation of the reasonableness of a search.'"  United States v. Montoya de Hernandez, 473 U.S. 531, 559 (1985) (quoting United States v.

- 5 -

<u>Martinez-Fuerte</u>, 428 U.S. 543, 565 (1976)).  The officer's main reason to suspect contraband did not develop until after the officer decided to conduct the strip search.  What happened after the officer announced his intent to conduct the strip search cannot be used to justify the search; the suspicion had to exist before the search commenced.

Discarding the evidence of the defendant's reactions to the officer's announcement of the strip search, we are left with insufficient facts to constitute reasonable suspicion.  The defendant was cooperative and congenial prior to his arrest for a minor, non-jailable offense.  The officer had no trouble patting the defendant down, and nothing made him suspect contraband or weapons during the routine pat down.  An arrest for public intoxication by drugs justifies a search of the arrestee incidental to the arrest.  However, when the search reveals nothing and does not raise any further suspicions, no reasonable suspicion exists that contraband must still be on the person and can only be revealed by a strip search.

The defendant was arrested for a non-jailable offense and would not be placed in the general jail population, so no institutional security consideration existed.  The officer lacked reason to believe the defendant possessed either contraband or weapons.  We conclude that the officer lacked suspicion sufficient to outweigh the defendant's personal privacy interest.  The evidence should have been suppressed, and we reverse the

trial court's denial of the defendant's motion to suppress.

<u>Reversed.</u>