# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Javon L. Harris

October 7, 1999

Case No. (Law) 99-575F

By Judge James B. Wilkinson

On January 29, 1999, the defendant, Javon Harris, was standing with two other individuals on the corner of 20th and Albany in the City of Richmond. He and the other individuals were approached by Officer Timothy Wade, and the officer was given permission to perform a pat down search of the defendant. During the pat down, Officer Wade felt a large object in Mr. Harris's front pocket and was informed that the object was "herb." Officer Wade realized this was a street name for marijuana and handcuffed the defendant. He then removed ten individually wrapped bags of marijuana from the defendant's pocket. Based on the discovery of the marijuana, Mr. Harris was charged with possession of marijuana with the intent to distribute.

Officer Wade then asked the defendant if he was in possession of any other drugs, and he responded negatively. However, Office Wade continued to search the defendant. This search included looking down the back of the defendant's pants in order to view his buttocks. Officer Wade testified that it was his experience that individuals often tried to hide drugs in that area believing that police were less inclined to search there. Upon inspection, Officer Wade and another officer observed a plastic bag protruding from the defendant's buttocks. At that time, in the presence of the other officer, Officer Wade put on a plastic glove and removed a package containing cocaine. The

defendant was also arrested for possession of cocaine with the intent to distribute.

The defendant came before this Court on July 9, 1999, for a motion to suppress and a trial for possession of cocaine with the intent to distribute. Upon hearing the evidence, representations, and arguments of counsel, the Court denied the defendant's motion to suppress. Immediately following, the defendant was tried for possession of cocaine with the intent to distribute, and upon hearing the evidence, representations, and arguments of counsel, the Court found Javon L. Harris guilty. The defendant then came before this Court on September 1, 1999, where he moved that the verdict be set aside based on the illegality of the strip search, and, at that time, the Court took the matter under advisement.

## Issue

Whether the strip search performed upon Javon Harris was a violation of Virginia Code § 19.2-59.1 and a violation of Mr. Harris's rights under the Fourth Amendment of the United States Constitution, thereby, requiring suppression of the cocaine.

## Discussion

Virginia Code § 19.2-59.1 prohibits strip searches when a person is under custodial arrest for a traffic infraction, Class 3 or Class 4 misdemeanor, and any city, county, or town ordinance which is punishable by no more than 30 days in jail. The only exception is when a law enforcement official has reason to believe that the individual is concealing a weapon. The statute goes on to state that when a search is permissible it must be done by a person of the same sex as the arrestee and in a location which cannot be observed by anyone other than the person conducting the search. Va. Code § 19.2-59.1(A).

The first question to be addressed is whether the officer's actions amounted to a strip search. A strip search is defined as "having an arrested person remove or arrange some or all of his clothing so as to permit a visual inspection of the genitals, buttocks, anus, female breasts, or undergarments of such person." Va. Code § 19.2-59.1(F). Therefore, Officer Wade's manipulation of the defendant's pants qualifies as a strip search.

The second question is whether the defendant is protected by this statute. The statute's plain purpose is to provide protection from intrusive searches to those individuals who are arrested for misdemeanor or traffic offenses. At the suppression hearing, the defendant argued that Va. Code § 19.2-59.1 applied

to all arrests, regardless of the offense; however, "when a statute is plain and unambiguous, a court may look only to the words of the statute to determine its meaning." *Caprio v. Commonwealth*, 254 Va. 507, 511, 493 S.E.2d 371, 374 (1997), *quoting Harrison & Bates, Inc. v. Featherstone Assoc.*, 253 Va. 364, 368, 484 S.E.2d 84, 87 (1997). Va. Code § 19.1-59.1(A) specifically lists the offenses which are controlled by the statute, and none of the other subsection have any language expanding the coverage to additional offenses. The legislature intended to provide citizens who are stopped or arrested for minor or non-jailable offenses protection from being subjected to strip searches; however, the prohibition against such searches is clearly limited by the language of the statute.

The defendant argued that *Moss v. Commonwealth*, 30 Va. App. 219 (1999), is controlling. However, in that case, the defendant was initially arrested for possession of marijuana, a misdemeanor offense covered under Va. Code § 19.2-59.1. Mr. Harris, in comparison, was arrested on the felony charge of possession of marijuana with the intent to distribute. Therefore, when the police officer rearranged the defendant's clothing in order to view his buttocks the statute did not apply.

Even though Officer Wade did not violate the Virginia statute, the Court must still determine whether the defendant's rights under the Fourth Amendment were violated. While *Moss v. Commonwealth* was not appropriate authority in determining whether a statutory violation occurred, it does provide guidance on whether Mr. Harris's Fourth Amendment rights were violated. In order for a warrantless search incident to a lawful arrest to be legal, the police must have a "clear indication" that evidence is located within the suspect's body and there must be exigent factors present. Furthermore, the search must correspond to the reasonableness standards relevant to the Fourth Amendment. *Moss*, 30 Va. App. 219 (1999); *Commonwealth v. Gilmore*, 27 Va. App. 320, 330-31, 498 S.E.2d 464, 469 (1998).

In the current matter, the police had already placed the defendant under arrest for possession of marijuana with the intent to distribute; therefore, it was highly likely and probable that Mr. Harris was concealing drugs in more than one location on his person. The strip search, although conducted on the street, was not conducted in a manner which would cause additional embarrassment or humiliation to the defendant. His clothes were rearranged to allow the officer to view his buttocks, and the evidence was clearly seen by two officers when they looked down the rear of the defendant's pants. However, Mr. Harris was not asked to remove any of his clothing nor did the officer probe any body cavities; therefore, the search itself conformed to the reasonableness standards established by the Fourth Amendment.

However, while no evidence was presented concerning exigent circumstances, common sense dictates that a defendant would still have the ability to destroy or discard evidence after he is arrested. Even if the defendant's hands were handcuffed behind his back, the opportunity to remove the cocaine from his buttocks in order to destroy or discard the evidence would still exist. Therefore, it was untenable for the police to wait while a warrant was obtained. In such a situation, any individual would make every attempt to dispose of incriminating evidence. A strip search, regardless of the manner in which it is conducted, creates a greater intrusion on a person than other warrantless searches, and, therefore, such a search requires special justification. *Moss*, 30 Va. App. 219 (1999); *Taylor v. Commonwealth*, 28 Va. App. 638, 642, 507 S.E.2d 661, 663 (1998). In this situation, the defendant's ability to destroy the evidence, even though in custody, created the necessary justification enabling the police to conduct a warrantless search.

Even if Mr. Harris's Fourth Amendment rights had been violated, he would not be entitled to have the cocaine suppressed. He was initially arrested for a violation of Va. Code § 18.2-248.01(a)(2) which states, "Any person who violates this section with respect to: More than one-half ounce, but not more than five pounds of marijuana is guilty of a Class 5 felony." Therefore, the police were authorized to transport Mr. Harris to the City of Richmond lock-up, where he would have been required to submit to a strip search. Va. Code § 19.2-59.1(B). This provision of the Virginia Code allows for local officials to develop written policies regarding strip searches conducted at detention facilities. "A regional jail superintendent or the chief of police or the sheriff of the county or city shall develop a written policy regarding strip searches." Va. Code § 19.2-59.1(B). Therefore, the cocaine which was hidden in Mr. Harris's buttocks would have been discovered without the strip search at the scene of the arrest.

In Virginia, evidence which would normally be excluded because of Constitutional violations is admissible when there is:

(1) a reasonable probability that the evidence in question would have been discovered by lawful means but for the police misconduct, (2) that the leads making the discovery inevitable were possessed by the police at the time of the misconduct, and (3) that the police also prior to the misconduct were actively pursuing the alternative line of investigation.

*Walls v. Commonwealth*, 2 Va. App. 639, 656 (1986); *United States v. Cherry*, 759 F.2d 1196, 1204 (5th Cir. 1985), *citing United States v. Brookins*, 614 F.2d 1037, 1042, n. 2 (5th Cir. 1980).

In this situation there is an extremely high probability that the cocaine would have been discovered by the police before the defendant was placed in the lock-up, and this was guaranteed by his arrest for possession of marijuana with the intent to distribute. Therefore, the second and third prongs of the test for inevitable discovery have been met.

## Conclusion

The police were justified in performing a strip search of the defendant at the scene because of the high probability that he was concealing narcotics in more than one location on his person and his ability to destroy or discard the evidence after being placed under arrest. Furthermore, the search to which Mr. Harris was subjected was neither highly intrusive nor embarrassing. Finally, the cocaine falls within the inevitable discovery exception to the exclusionary rule. Therefore, the defendant's motion to set aside his conviction for the possession of cocaine with the intent to distribute is overruled.