COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


WILLIE LOUIS JOHNSON

MEMORANDUM OPINION[*] BY
v.    Record No. 2617-99-1         JUDGE NELSON T. OVERTON
                                    AUGUST 15, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel Taylor Powell, III, Judge

Deborah M. Wagner (McDermott & Roe, on
brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General,
on brief), for appellee.


Willie Louis Johnson, appellant, appeals his conviction for

possession of cocaine.  On appeal, he contends the trial court

erroneously denied his motion to suppress "evidence seized by

police pursuant to an unauthorized strip search" in violation of

"his Fourth Amendment rights."  We disagree, and affirm the

conviction.

I.  BACKGROUND

"In reviewing a trial court's denial of a motion to suppress,

'the burden is upon the defendant to show that the ruling, when

the evidence is considered most favorably to the Commonwealth,

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). "We review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case." Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999) (citation omitted). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).

On June 14, 1999, the trial court heard evidence on appellant's suppression motion. Investigator Peterson testified that he executed a search warrant at 126 Jackson Street on January 24, 1999. Upon entry, police officers located appellant asleep on a sofa and handcuffed him. Appellant "was wearing only a pair of pants." Peterson "took his pants down." "In his pants [Peterson] found a metal smoking device, a small metal smoking device." Appellant wore no underwear, and the object was located in the "gap between the fold of the leg, like the split, a little section, when you pulled [his pants] down you could see it sitting right there." Peterson explained that he took appellant's pants down because he was "[l]ooking for contraband and hidden smoking

-

devices and any drugs." According to Peterson, persons involved with narcotics "[c]ommonly put the smoking devices in their pants or belt area or in the crack of the buttock . . . for concealment purposes." At the time of the search there were no females present and appellant's pants were pulled down "[t]o his knee area" for "a matter of seconds."

Although appellant was not specifically named in the search warrant, the search warrant authorized the search of all persons present at the location and was directed at locating cocaine, currency, drug paraphernalia and firearms. Peterson indicated that the search included all persons upon the property.

In argument to the trial court, appellant contended that the strip search was unreasonable and, therefore, unconstitutional. Appellant also asserted that Peterson "was in no fear for his safety." However, appellant conceded that he was "in a home and under a search warrant."

The trial court ruled that "[i]t's not a strip search," because the officer "pulled his pants down" and did not take "all of his clothes off." Noting the brevity and minimal intrusiveness of the search, and the officer's testimony that people involved in drugs often store drugs "in their clothes," the trial court found the search reasonable "under the circumstances."

Appellant never attacked the validity of the warrant authorizing the search of all pesons present or the affidavit(s) upon which the magistrate relied to issue it. Moreover, the

-

record contains neither the search warrant nor the supporting affidavit(s).

## II. DISCUSSION

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV; see also Va. Const. art. I, § 8.

### A. Burden of Proof

In Lebedun v. Commonwealth, 27 Va. App. 697, 710-11, 501 S.E.2d 427, 433-34 (1998), we addressed which party has the burden of proof when a defendant moves to suppress evidence that was seized pursuant to a search warrant.  We held that

> the government bears the burden to justify a warrantless search as an exception to the warrant requirement.  However, a presumption of validity attaches when a search is conducted pursuant to a warrant issued by a neutral and detached magistrate or judicial officer.  Therefore, where the police conduct a search pursuant to a judicially sanctioned warrant, the defendant must rebut the presumption of validity by proving that the warrant is illegal or invalid.

Id. at 711, 501 S.E.2d at 434 (citations omitted).  Thus, appellant bears the burden of establishing that the search was beyond the scope of the warrant and unreasonable.  See id.; see also United States v. Taylor, 882 F.2d 1018, 1032-33 (6th Cir. 1989) (holding that motion to suppress properly denied where defendant "failed to carry his burden of demonstrating that the

-

[evidence] was in fact obtained by a search beyond the scope of the warrant").

## B. Analysis

We are faced with the question whether removing the outer pants of the target of a search warrant was an unreasonable search.

The scope of a lawful search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." United States v. Ross, 456 U.S. 798, 824 (1982). In order to determine whether a search is reasonable, the individual's Fourth Amendment interest must be weighed against the necessity for a particular type of search. See Bell v. Wolfish, 441 U.S. 520, 559 (1979) (approving visual strip-searches of pretrial detainees even though there was no probable cause to believe the person possessed contraband or weapons). In Wolfish, the Supreme Court explained the procedure for determining the reasonableness of a search:

> In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

Id.

-

Here, the search warrant authorized the search of all persons present.  We have approved such warrants when adequately supported by information provided to the issuing magistrate.  See Morton v. Commonwealth, 16 Va. App. 946, 950, 434 S.E.2d 890, 893 (1993) (following examination of factual allegations contained in the affidavits, holding that "probable cause existed to search all of the persons found inside the apartment when the warrant was executed").  Because the record does not contain a copy of the search warrant or the accompanying affidavit(s), and because appellant failed to contest the validity of the warrant, we are constrained to find that the warrant was valid and based upon adequate probable cause to search all persons present.  Moreover, we are unable to determine what information the police possessed and presented to the issuing magistrate.

Absent the warrant or affidavit(s) and applying the test put forth in Wolfish, we find that appellant has failed to demonstrate that the search was beyond the scope of the warrant or was unreasonable.  Although the scope of the search involved taking appellant's pants down to his knees, the search was brief, lasting seconds, and it did not require removing all of appellant's clothing.  Upon these facts, we find the search minimally intrusive.  The officers could not have been aware that appellant was not wearing underwear under his blue jeans.  The objects of the warrant and the search included illegal drugs

-

and paraphernalia, things that are easily concealed. Investigator Peterson was aware from past experience that such items are often concealed inside the inner waistband of a suspect's trousers. Finally, the search was conducted inside the house and a limited number of officers were present, none of whom were females.

CONCLUSION

Absent a copy of the search warrant or affidavit(s) so we can review the basis for issuance of the search warrant, appellant has failed to establish that the search was beyond the scope of the warrant or that the search was unreasonable. Because the search was reasonable and based on a valid warrant supported by probable cause, we affirm the trial court.

Affirmed.

-

Coleman, J., dissenting.

The majority holds that the police officer's "removing the outer pants of the target of a search warrant" was reasonable under the Fourth Amendment because the search was based on an "all persons present" search warrant and because the search was "minimally intrusive" under the circumstances. I disagree with the majority that the search was reasonable under the facts of this case. In my opinion, the search was not reasonable because neither the search warrant nor the circumstances preceding the search provided probable cause to strip search the appellant. The search warrant, which specifically named two people to be searched at the residence, did not mention Johnson; it specified the residence to be searched, two named individuals, and "all persons present" at the residence. The circumstances surrounding the appellant when the James City County swat team was executing the search warrant provided no individualized probable cause or reason to suspect that the appellant possessed drugs, weapons, or other contraband, much less a "clear indication" that the appellant might be secreting drugs on his person in a manner to justify strip searching him. Accordingly, I dissent from the majority's holding.

The trial court held that the search of appellant was "not a strip search." The Attorney General, on brief and at oral argument, defends the trial court's ruling that the search of appellant was not a strip search. Now, the majority carefully

avoids characterizing the search of appellant as a strip search and concludes that the search was "minimally intrusive." By doing so, the majority disregards our prior holdings which require a "clear indication" that the suspect has secreted the contraband at a location where a strip search is necessary to find it. The trial court and majority concluded that the search was not a strip search because "it did not require removing all of appellant's clothing." Here, the officers lowered the appellant's blue jeans to his knees exposing his genitalia and buttocks. In my view, that constitutes a strip search and, thus, our holdings in Moss v. Commonwealth, 30 Va. App. 219, 516 S.E.2d 246 (1999), Taylor v. Commonwealth, 28 Va. App. 638, 507 S.E.2d 661 (1998), and Commonwealth v. Gilmore, 27 Va. App. 320, 498 S.E.2d 464 (1998), although involving warrantless searches, are applicable and controlling.

> [S]trip searches require special justification since they are peculiarly intrusive. . . . In each case we must balance the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

Taylor, 28 Va. App. at 642, 507 S.E.2d at 663-64 (internal quotations and citations omitted). We further explained the "special justification" requirement for a strip search enunciated in Taylor, when we held in Moss that "clear

- 9 -

indication" must exist that the evidence or contraband is secreted on the person to justify a strip search. See Moss, 30 Va. App. at 224-25, 516 S.E.2d at 249 (adopting the "clear indication" requirement for body cavity searches which we announced in Gilmore). As we stated in Moss, for a strip search to be lawful under the Fourth Amendment, the officers must have a "clear indication" that evidence is at a location on the suspect's body that justifies a strip search and "'the means and procedures employed by the authorities to conduct a search involving an intrusion into the body [or strip search] must also satisfy relevant Fourth Amendment standards of reasonableness.'" Id. (quoting Gilmore, 27 Va. App. at 330-31, 498 S.E.2d at 469). Strip searches are demeaning and may be dehumanizing. Because no "clear indication" existed in Moss to believe that the defendant had secreted drugs on his body, we held that the strip search was unjustified and impermissible. We did not reach whether it was conducted in a reasonable manner under the circumstances.

Here, Johnson was asleep on a couch when the officers entered the residence to execute the search warrant. He was not named in the search warrant as a person to be searched. The officers did not observe any furtive movements or have any specific reason to believe that Johnson possessed drugs, much less that he was secreting them in a place that would justify a strip search. Johnson did not resist, made no attempt to flee,

- 10 -

and made no statement justifying a belief that he possessed drugs. The officers did not frisk Johnson, instead they immediately lowered his pants. As the majority notes, the only reason given by the officer to justify the strip search was that "from past experience . . . such items are often concealed inside the inner waistband of a suspect's trousers." If that reason provides justification for a strip search, then every warranted search or every warrantless search in which probable cause of possession existed would justify a strip or body cavity search.[1] "Searches may not be conducted on the '"mere chance that desired evidence might be obtained."'" Taylor, 28 Va. App. at 643, 507 S.E.2d at 664 (citations omitted).

The trial judge erred, in my opinion, in not holding that the search was a strip search and that the search was unreasonable and in violation of the Fourth Amendment. For these reasons, I would reverse the conviction and dismiss the indictment.

---

[1] The majority contends that appellant never attacked the validity of the "all persons present search warrant." To the contrary, the appellant, citing Ybarra v. Illinois, 444 U.S. 85, 88 (1979), makes an even broader challenge to the authority of the officers to search him at all where there is no particularized probable cause to believe that he possessed drugs or was engaged in drug activity. While I would also hold that the "all persons present" warrant did not provide probable cause to search Johnson when they were executing the warrant without some particularized reason to suspect that he possessed drugs, the more compelling issue is the unreasonableness of the strip search.