COURT OF APPEALS OF VIRGINIA

Present:    Judges Annunziata, Humphreys and McClanahan
Argued at Richmond, Virginia


DWAYNE EARL BRANCH

                                                    OPINION BY
v.        Record No. 2784-02-2                JUDGE ROBERT J. HUMPHREYS
                                                    MARCH 23, 2004

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Cleo E. Powell, Judge

            Randy B. Rowlett (Gordon, Dodson & Gordon, on brief), for
            appellant.

            Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Dwayne Earl Branch appeals his conviction, after a bench trial, for possession of a

firearm after having been convicted of a felony, in violation of Code § 18.2-308.2.  Branch

argues the trial court erred for two reasons in finding the evidence sufficient, as a matter of law,

to support the conviction.  First, because the Commonwealth failed to prove that he intended to

violate the statute.  Second, because Branch had the right to "rely upon the assurances of a gun

dealer licensed by the [Commonwealth] that it was permissible for [him] to purchase a firearm."

For the reasons that follow, we affirm Branch's conviction.

                                    I.  Background

        "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting it all reasonable inferences deducible from that evidence."  Ziats v. Commonwealth, 42

Va. App. 133, 136, 590 S.E.2d 117, 118 (2003).  So viewed, the evidence presented below

established that, on June 1, 2001, Branch went to Southern Gun World, a licensed gun dealer

located in Chesterfield County, Virginia.  Branch approached the sales clerk and requested to purchase a .380 caliber semi-automatic pistol.  Branch presented the clerk with his Virginia driver's license, a Social Security card, and a voter registration card for purposes of identification.  Branch then completed the requisite Virginia State Police Form SP-65 (the Virginia Firearms Transaction Record).  In response to a question listed on the form asking, "Have you ever been convicted in any court for a crime for which the Judge could have imprisoned you for more than one year, even if the Judge actually gave you a shorter sentence?", Branch wrote, "No."  However, Branch told the sales clerk that he was not "sure what [his] status was in terms of a conviction."

When keying Branch's information into the computer system to obtain Branch's criminal history record, the sales clerk inadvertently misspelled Branch's first name.  Accordingly, the system failed to disclose that Branch had been convicted of a felony in 1994.  The sales clerk thus completed the sale and transferred the weapon to Branch.

Virginia State Police subsequently investigated the transaction and learned that Branch had been convicted of a felony.  Police later arrested Branch for possession of a firearm after having been convicted of a felony.

At trial, the Commonwealth introduced a copy of a Henrico County conviction order, which established that Branch had been convicted, in February of 1994, of grand larceny (in violation of Code § 18.2-95).  The conviction order stated that Branch was present during the proceeding, that he was represented by counsel, and that he pled guilty to the indictment.  The order further stated that Branch was sentenced to twelve months in jail and that the full twelve-month sentence was suspended, upon certain conditions, "for a period of five (5) years."

Branch subsequently testified on his own behalf, contending that the Henrico County judge had told him that "[i]f [he was] not convicted of any other charges in five years, that

- 2 -

the . . . charge would be . . . wiped from [his] record." Thus, Branch testified that he was "confused" as to whether he was a convicted felon. Branch claimed that he bought the weapon for protection, because there had been several break-ins in his neighborhood.

In closing argument, Branch's counsel argued that the evidence failed to prove Branch "inten[ded] to mislead," stating "he had no intent to knowingly be convicted of a felony and attempt to purchase a firearm." The trial court found that the evidence "met the elements of the code" and found Branch guilty of the offense. Branch was ultimately sentenced to serve five years with the Department of Corrections, with three years suspended.

## II. Analysis

On appeal, Branch first argues that the trial court erred in finding the evidence sufficient to support the conviction because the evidence failed to establish that he intended to violate the statute. We disagree.

We first note that "[w]hen reviewing the sufficiency of the evidence after a conviction, . . . we affirm the conviction unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

Code § 18.2-308.2(A) provides as follows, in relevant part:

> It shall be unlawful for (i) any person who has been convicted of a felony . . . , whether such conviction or adjudication occurred under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm . . . as defined by § 18.2-308.1 . . . . Any person who violates this section shall be guilty of a Class 6 felony. . . .

Thus, the pertinent conduct proscribed by Code § 18.2-308.2 is merely that of "being a felon" and "knowingly and intentionally" being in possession of a firearm. Id.; see also Armstrong v. Commonwealth, 263 Va. 573, 582, 562 S.E.2d 139, 144 (2002). Neither Code § 18.2-308.2, nor its related statutes, contain a *scienter* or *mens rea* element for a conviction

- 3 -

under that statute. Indeed, to prove a violation under the plain language of the statute, the Commonwealth must establish nothing more than that the defendant "has been convicted of a felony" and that he or she "knowingly and intentionally possess[ed] . . . any firearm." Code § 18.2-308.2. But see Reed v. Commonwealth, 15 Va. App. 467, 471, 424 S.E.2d 718, 720-21 (1992) (holding, based upon language in related statutes (now repealed), that actual knowledge of declaration of habitual offender status and direction not to drive was required for conviction for driving after having been so declared). This interpretation comports squarely with the legislature's determination, in enacting the statute, "that certain individuals — felons — are unfit to possess firearms, even for lawful purposes." Armstrong, 263 Va. at 582, 562 S.E.2d at 144; see also Alger v. Commonwealth, 267 Va. 255, 590 S.E.2d 563 (2004). Cf. Esteban v. Commonwealth, 266 Va. 605, 609-10, 587 S.E.2d 523, 526 (2003) (holding that the legislature intended Code § 18.2-308.1(B) to create strict criminal liability, subject to certain specific exceptions, for any person possessing a firearm on school property, thus no instruction on the element of *mens rea* required).

Accordingly, whether Branch was "confused" about his status as a convicted felon, whether he intended to "mislead" the gun dealer in completing the Virginia State Police form inaccurately, or whether he intended to "knowingly violate the statute" is of no moment. The undisputed evidence before the trial court proved that Branch had been convicted of a felony in 1994 and that he thereafter, knowingly and intentionally purchased, and consequently possessed, the firearm at issue. We thus find no error in the trial court's determination of guilt, and we affirm on this issue.

Branch alternatively contends that the trial court erred in finding the evidence sufficient to support the conviction because "reliance upon the assurances of a licensed gun dealer by the

State [sic] of Virginia [is] a defense to an alleged violation of Section 18.2-308.2."  Branch relies upon our decision in Miller v. Commonwealth, 25 Va. App. 727, 492 S.E.2d 482 (1997).

In Miller, we reversed and dismissed Miller's conviction under Code § 18.2-308.2, because the Due Process Clause barred his conviction for possessing a muzzle-loading rifle after having been convicted of a felony, where his probation officer advised him that he was legally permitted to possess the firearm.  Id. at 742-45, 492 S.E.2d at 490-91.  We stated the "essence" of the due process argument as follows:  "'[T]hat the criminal statute under which the defendant is being prosecuted cannot constitutionally be applied to the defendant without violating due process of law, where government officials have misled the defendant into believing that his conduct was not prohibited.'"  Id. at 736, 492 S.E.2d at 487 (quoting Jeffrey F. Ghent, Annotation, Criminal Law: "Official Statement" Mistake of Law Defense, 89 A.L.R.4th 1026, 1031 (1991)).

Accordingly, we held that this due process defense, to what is essentially a strict liability crime, may be available under certain narrow circumstances.  In particular, the defense is available if the defendant proves: 1) that he was assured that the conduct giving rise to the conviction was lawful; 2) that the assurance was given by a "government official," i.e., "a public officer or body charged by law with responsibility for defining permissible conduct with respect to the offense at issue"; and 3) that, based on the totality of the circumstances, reliance upon the advice was reasonable and in good faith.  Id. at 738-39, 745, 492 S.E.2d at 488-89, 491.  We further noted that it is the *defendant's* burden to establish this "affirmative defense."  Id. at 737, 492 S.E.2d at 488.

In the case at bar, although the record demonstrates that Branch advised the trial court that he provided the sales clerk with accurate evidence of his identity, that he informed the sales clerk that he was unsure of his status as a convicted felon, and that he only bought the gun after

- 5 -

the sales clerk ran the criminal history check, the record also demonstrates that Branch presented this evidence in support of his *sole* argument that he did not intend to knowingly violate the statute – an element which he specifically contended was required to be proven under the terms of the statute.

Branch did not raise the <u>Miller</u> due process argument in support of his defense, nor did he raise *any* other constitutional argument. Indeed, Branch never argued that he was "affirmatively" assured that his possession of the gun was lawful, nor did he argue or present evidence that any such assurance came from a "government official" "charged by law with responsibility for defining permissible conduct with respect to the offense at issue." <u>Id.</u> at 738, 739, 492 S.E.2d at 488, 489. More significantly, Branch failed to provide the trial court with the opportunity to consider this particular legal argument, and to rule on the due process claim he now makes.

Accordingly, we decline to address Branch's contention in this regard because we find that Branch failed to raise it before the trial court and, thus, failed to properly preserve the argument for purposes of appeal. <u>See</u> Rule 5A:18; <u>see also</u> <u>Swann v. Commonwealth</u>, 247 Va. 222, 441 S.E.2d 195 (1994) (noting that appellate courts will not consider constitutional arguments that were not raised before the trial court); <u>Scott v. Commonwealth</u>, 31 Va. App. 461, 464-65, 524 S.E.2d 162, 164 (2000) (noting that "[t]o preserve an issue for appeal, [an] objection must be made with specificity," otherwise, the trial court is denied the opportunity to address and correct the error of which the defendant complains); <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 307, 494 S.E.2d 484, 488 (1998) ("The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding

unnecessary appeals and reversals."). [1]T  Finding no reason to address Branch's argument pursuant to the "good cause" or "ends of justice" exceptions to Rule 5A:18, we affirm the trial court's judgment as it pertains to this issue.

For these reasons, we affirm Branch's conviction.

Affirmed.

---

[1] Pursuant to the principles underlying Rule 5A:18, we decline to consider Branch's contention, despite the fact that the Commonwealth failed to identify this procedural defect in its brief on appeal.  See Rule 5A:18.