COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Clements and Felton
Argued at Chesapeake, Virginia


TRINELL LORENZO BOWEN

                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1244-05-1                     JUDGE JEAN HARRISON CLEMENTS
                                                    MARCH 28, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

Charles E. Haden for appellant.

Leah A. Darron, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Trinell Lorenzo Bowen was convicted in a bench trial of possession of a firearm after

having been convicted as a juvenile of an offense that would be a felony if committed by an

adult, in violation of Code § 18.2-308.2. On appeal, he contends (1) his conviction was obtained

in violation of his right to due process of law and (2) the trial court erred in ruling it no longer

had jurisdiction to consider his motion for bond pending appeal. For the reasons that follow, we

affirm the trial court's judgment and Bowen's conviction.

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

————————————

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

The facts and incidents of the proceedings relevant to this appeal are not in dispute.  In 1998, Bowen was convicted as a juvenile of robbery.  He was fifteen years old at the time of the offense.  After serving time in a juvenile facility, Bowen was placed on parole.  Bowen's parole officer informed him that he could not possess a firearm while on parole.  She did not advise him that, pursuant to Code § 18.2-308.2(A), he could not possess a firearm until he was twenty-nine years old.  Bowen was released from parole on January 15, 2003.  He was twenty years old at the time.

On June 24, 2003, Officer Lewis Spencer placed Bowen under arrest after having observed him in possession of marijuana.  Conducting a search of Bowen's person, Spencer discovered a loaded semi-automatic handgun concealed under his right pant leg.

A grand jury subsequently indicted Bowen for knowingly and intentionally possessing a firearm as a convicted felon, in violation of Code § 18.2-308.2.

At trial, Bowen testified that he thought he was entitled to possess a firearm at the time of his arrest because he was no longer on parole.  He asserted that, in telling him he could not possess a firearm while on parole and in failing to tell him he could not possess a firearm until the age of twenty-nine, his parole officer led him to reasonably believe he could possess a firearm once he was released from parole.  Conviction of the charged crime under those circumstances, he maintained, would be unfair and thus violate his right to due process of law.

Rejecting Bowen's claim that his parole officer's actions constituted an affirmative assurance that he could lawfully possess a firearm following his release from parole, the trial court found Bowen guilty as charged and sentenced him to five years in prison.  The trial court entered the sentencing order on May 4, 2005.

Bowen filed with the trial court a notice of appeal to this Court on May 20, 2005. On June 2, 2005, Bowen filed with the trial court a motion for bond pending appeal. By letter dated June 3, 2005, the trial court informed Bowen that it no longer had jurisdiction to consider the bond motion.

We granted Bowen's petition for appeal to review the trial court's rejection of his due process defense and the trial court's ruling that it lacked jurisdiction to consider his motion for bond pending appeal.

## II. ANALYSIS

### A. Due Process Defense

Although he couches his claim of error in "sufficiency of the evidence" terms, Bowen does not argue, on appeal, that the Commonwealth failed to prove he violated Code § 18.2-308.2.[1] Rather, he asserts, as he did below, that his parole officer's informing him he could not possess a firearm while on parole and his parole officer's failure to inform him he could not possess a firearm until he was twenty-nine years old constituted an affirmative assurance by a government official that he could lawfully possess a firearm following his release from parole. He argues that, because he reasonably and in good faith relied on that affirmative assurance in possessing a firearm at the time of his arrest by Officer Spencer, his conviction under Code § 18.2-308.2 violated his constitutional right to due process. See Miller v. Commonwealth, 25 Va. App. 727, 743-45, 492 S.E.2d 482, 491 (1997) (reversing the conviction of a convicted felon

---

[1] Code § 18.2-308.2 provides, in relevant part, as follows:

> It shall be unlawful for . . . any person under the age of 29 who was adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult . . . to knowingly and intentionally possess . . . any firearm . . . .

for possessing a muzzle-loading rifle where the convicted felon reasonably relied on his probation officer's misinformation that he could possess a muzzle-loading rifle).  We disagree.

The due process defense asserted here by Bowen is a narrow constitutional exception to the common law rule that ignorance of the law is no excuse.  Id. at 732 n.2, 492 S.E.2d at 485 n.2.  "The due process argument is, in essence, 'that the criminal statute under which the defendant is being prosecuted cannot constitutionally be applied to the defendant without violating due process of law, where government officials have misled the defendant into believing that his conduct was not prohibited.'"  Id. at 736, 492 S.E.2d at 487 (quoting Jeffrey F. Ghent, Annotation, Criminal Law: "Official Statement" Mistake of Law Defense, 89 A.L.R. 4th 1026, 1031 (1991)).  To successfully assert the due process defense, a defendant must prove three elements:

> (1) that he was assured that the conduct giving rise to the conviction was lawful; (2) that the assurance was given by a "government official," i.e., "a public officer or body charged by law with responsibility for defining permissible conduct with respect to the defense at issue"; and (3) that, based on the totality of the circumstances, reliance upon the advice was reasonable and in good faith.

Branch v. Commonwealth, 42 Va. App. 665, 671, 593 S.E.2d 835, 837 (2004) (quoting Miller, 25 Va. App. at 738-39, 745, 492 S.E.2d at 488-89, 491).  As to the first element, we declared that, "[i]n the absence of such an affirmative assurance, the due process concerns that the defense is designed to protect are not implicated, and the defense fails."  Miller, 25 Va. App. at 738, 492 S.E.2d at 488.  "The defendant bears the burden of establishing the affirmative defense."  Id. at 737, 492 S.E.2d at 488.

In Miller, we addressed the due process defense within the relevant context of Code § 18.2-308.2.  Id. at 729, 492 S.E.2d at 484.  There, the defendant, a convicted felon, had knowledge that he was prohibited from possessing a firearm.  Id. at 730, 492 S.E.2d at 484.

- 4 -

However, being an avid hunter, he sought to determine whether he could possess a "muzzle-loading rifle," as he knew that Virginia law distinguished such a rifle from other firearms. The defendant spoke to his probation officer, who affirmatively assured him that he could lawfully possess the rifle. Relying on this assurance, the defendant obtained the rifle. Subsequently, he was discovered in possession thereof, arrested, and convicted for violating Code § 18.2-308.2. Id. at 730-31, 492 S.E.2d at 484. We reversed the conviction, reasoning that the Due Process Clause barred the defendant's conviction where the defendant's probation officer, a government official, affirmatively assured him that he was legally permitted to possess the rifle, and the defendant reasonably and in good faith relied upon that assurance. Id. at 743-45, 492 S.E.2d at 491.

Here, however, unlike the defendant in Miller, Bowen failed to show that his parole officer ever affirmatively assured him that the conduct giving rise to the conviction was lawful. The conduct giving rise to the conviction in the present case was the possession by Bowen—a "person under the age of 29 who was adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult"—of a firearm. Code § 18.2-308.2. Bowen received no affirmative assurance on the lawfulness of this specific conduct from his parole officer. Nor did he seek such affirmative assurance from his parole officer. Rather, Bowen's parole officer told him solely that he could not lawfully possess a firearm while on parole. Clearly, this statement falls far short of constituting an affirmative assurance that Bowen could possess a firearm before he attained the age of twenty-nine. Because Bowen did not prove that his parole officer affirmatively assured him that the conduct that gave rise to his conviction was lawful, his due process defense fails.

B.  Motion for Bond Pending Appeal

Bowen contends the trial court erred in finding it did not have jurisdiction to consider his motion for bond pending appeal.  We disagree.

"Code § 19.2-319 is the statutory basis upon which the trial court entertains requests for the granting of post-conviction bail."  Dowell v. Commonwealth, 6 Va. App. 225, 228, 367 S.E.2d 742, 744 (1988).  Code § 19.2-319 provides, in pertinent part, as follows:

> If a person sentenced by a circuit court to . . . confinement in the state correctional facility indicates an intention to apply for a writ of error, the circuit court shall postpone the execution of such sentence for such time as it may deem proper.
>
> *       *       *       *       *       *       *
>
> In any case after conviction *if the sentence, or the execution thereof, is suspended* in accordance with this section, or for any other cause, the court, or the judge thereof, may, and in any case of a misdemeanor shall, set bail in such penalty and for appearance at such time as the nature of the case may require . . . .

(Emphasis added.)  Thus, the sentence or the execution of the sentence must be suspended before the trial court may set bail.

Rule 1:1 provides, in pertinent part, that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, *and no longer*." (Emphasis added.)  Thus, "an order of the court becomes final [twenty-one] days after its entry unless vacated or suspended by the court during that time."  Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996).  In other words, "once the twenty-one-day time period following the entry of a final sentencing order has run without . . . vacation, or suspension of that order, the trial court loses jurisdiction to [modify, vacate, or suspend] the order, unless an exception to Rule 1:1 applies."  Patterson v. Commonwealth, 39 Va. App. 610, 614, 575 S.E.2d 583, 585 (2003).

Here, no order suspending or vacating the final May 4, 2005 sentencing order within twenty-one days of its entry appears in the record.[2]   Accordingly, the trial court retained jurisdiction over Bowen's sentence only until May 25, 2005.  After that date, the trial court was divested of jurisdiction to suspend or postpone the execution of Bowen's sentence, unless an exception "to the preclusive effect of Rule 1:1 applies."  Davis, 251 Va. at 148, 466 S.E.2d at 94.

The second sentence of Rule 1:1 provides that,

> notwithstanding the finality of the judgment, in a criminal case the trial court may postpone execution of the sentence in order to give the accused an opportunity to apply for a writ of error . . . ; such postponement, however, shall not extend the time limits hereinafter prescribed for applying for a writ of error.

Such an extension does not apply here, however, because Bowen filed his notice of appeal on May 20, 2005, well within the period of time the trial court had jurisdiction over Bowen's sentence.

Bowen did not file his motion for bond pending appeal until June 2, 2005.  Because the trial court no longer retained jurisdiction over Bowen's sentence, the court could not postpone or suspend the execution of Bowen's sentence at that point for purposes of the bond motion.  Because Code § 19.2-319 requires the sentence or the execution of the sentence to be suspended before the trial court may set bail, we agree with the trial court that it did not have jurisdiction to consider Bowen's motion for bond pending appeal.

## III.  CONCLUSION

For these reasons, we affirm the judgment of the trial court and Bowen's conviction.

Affirmed.

---

[2] Bowen asserts no claim of error with regard to the trial court's failure to postpone or suspend the execution of his sentence under Code § 19.2-319.  Accordingly, we need not review that matter here.