COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Millette
Argued at Alexandria, Virginia


MARK PAGE LINTZ

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1633-07-4                       JUDGE ROBERT P. FRANK
                                                         APRIL 15, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                              Burke F. McCahill, Judge

           Richard E. Gardiner for appellant.

           Jennifer C. Williamson, Assistant Attorney General (Robert F.
           McDonnell, Attorney General, on brief), for appellee.


       Mark Page Lintz, appellant, was convicted, by a jury, of possessing or transporting a firearm

into a courthouse, in violation of Code § 18.2-283.1.  On appeal, he challenges the sufficiency of the

evidence, contending he, in good faith, relied upon the advice of a deputy sheriff that his conduct

was lawful.  For the reasons stated, we affirm appellant's conviction.

                                       BACKGROUND

       Sergeant Brian Murphy, a deputy sheriff with the Loudoun County Sheriff's Office, in

charge of courthouse security, testified that appellant knocked on his office door on August 18,

2006.  Sergeant Murphy's office, secured by a locked door that says "Court Security," was located

immediately inside the front entrance of the Loudoun courthouse before the security screening area.

When Sergeant Murphy opened the door, appellant entered the office and proceeded to secure a

weapon in the gun lockers that were provided for the use of off-duty and undercover law

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

enforcement officers.[1] These lockers were not available for use by the general public. Sergeant Murphy testified that there is an area of lockers for public use, located outside the front entrance of the courthouse, where members of the public could secure cell phones, cameras, scissors, and other items they are not allowed to bring into the courthouse. These lockers are provided free of charge.

Since appellant was not wearing a badge when he entered Sergeant Murphy's office, Sergeant Murphy asked appellant whether he worked for a law enforcement agency. Appellant responded in the negative, which prompted Sergeant Murphy to ask appellant for the key to the locker before appellant left the office. Sergeant Murphy opened the locker and discovered a .45 caliber gun with one round in the chamber and eight rounds in the magazine. He also found two additional magazines containing eight rounds each, as well as a knife. Sergeant Murphy confiscated appellant's property.

Based on his familiarity with firearms, Sergeant Murphy testified the .45 caliber gun was designed to propel a projectile or missile from its interior.

In July 2006, just weeks before this incident, Sergeant Murphy and Deputy Sergeant Hickman responded to the security screening area. Appellant had entered the courthouse with a "Lindell" weapon, which Sergeant Murphy described as a red plastic gun often used for training purposes. Appellant indicated he was bringing the gun to court for demonstration purposes.

Sergeant Murphy explained to appellant that weapons were not permitted in the courthouse. Sergeant Murphy testified, "I couldn't have been more clear. Weapons are not allowed in the courthouse, period." Deputy Sergeant Hickman also advised appellant weapons were prohibited in the courthouse.

---

[1] Only law enforcement officers actually wearing their uniform are allowed to carry a weapon into the courthouse.

Appellant testified that he knew it was illegal to bring a weapon into a courthouse in Virginia. Nevertheless, appellant testified that he had brought a weapon into the Loudoun County Courthouse in August 2005, in November 2005, and in February 2006, when he came to pay traffic fines. Appellant said he had been permitted to store his gun in Sergeant Murphy's office on those three prior occasions. However, appellant did not recall the names of any of the officers that allegedly authorized him to store his weapon.

Appellant denied that, when he had brought his "red gun" to the courthouse in July 2006, anyone had advised him that he could not do so.

At trial, the jury was instructed regarding appellant's defense:

> The defendant relies upon the defense that he relied upon advice given him by a deputy sheriff.
>
> Where a defendant has reasonably and in good faith relied upon affirmative assurances that certain conduct is lawful, when those assurances are given by a public officer charged by law with responsibility for interpreting what constitutes permissible conduct with respect to the offense at issue, the defendant has a complete defense to the charge.

The jury rejected appellant's defense, and found appellant guilty.

This appeal follows.

ANALYSIS

On appeal, appellant does not challenge that he possessed a weapon designed to propel a projectile on courthouse property. Yet, he maintains that he reasonably and in good faith relied upon the affirmative assurance of the deputy sheriffs that he could lawfully store his weapons in the designated area in the sheriff's office.

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584

S.E.2d 444, 447 (2003) (*en banc*) (quoting <u>Davis v. Commonwealth</u>, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).  A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  <u>Stevens v. Commonwealth</u>, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979) (emphasis in original)), <u>aff'd</u>, 272 Va. 481, 634 S.E.2d 305 (2006), <u>cert. denied</u>, 127 S. Ct. 2053 (2007).  We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  <u>Id.</u> (quoting <u>Kelly</u>, 41 Va. App. at 257, 584 S.E.2d at 447).  "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  <u>Kelly</u>, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting <u>Jackson</u>, 443 U.S. at 319).  Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ.  <u>Wactor v. Commonwealth</u>, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

When a jury decides the case, Code § 8.01-680 requires that we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make.  <u>Pease v. Commonwealth</u>, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*), <u>aff'd</u>, 266 Va. 397, 588 S.E.2d 149 (2003).  "We let the decision stand unless we conclude no rational juror could have reached that decision."  <u>Id.</u>

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  <u>Archer v. Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Appellant correctly states the law.  The defense of "good faith reliance" is available when "a defendant has reasonably relied upon affirmative assurances that certain conduct is lawful,

when those assurances are given by a public officer or body charged by law with responsibility for defining permissible conduct with respect to the offense at issue." Miller v. Commonwealth, 25 Va. App. 727, 735, 492 S.E.2d 482, 486-87 (1997). However, the issue before us is whether the jury erred in rejecting appellant's defense.

To successfully assert the due process defense discussed in Miller, a defendant must prove three elements:

> 1) that he was assured that the conduct giving rise to the conviction was lawful; 2) that the assurance was given by a "government official," i.e., "a public officer or body charged by law with responsibility for defining permissible conduct with respect to the offense at issue"; and 3) that, based on the totality of the circumstances, reliance upon the advice was reasonable and in good faith.

Branch v. Commonwealth, 42 Va. App. 665, 671, 593 S.E.2d 835, 837 (2004) (quoting Miller, 25 Va. App. at 738-39, 745, 492 S.E.2d at 488-89, 491).

Since appellant admitted he was aware that it was illegal for him to bring a weapon into the courthouse, and did not contest the weapon was "designed or intended to propel a missile or projectile," the only issue before the jury was appellant's affirmative defense. The jury was properly instructed on the requirements of this defense; they simply rejected appellant's argument.

While appellant contended the sheriff on three separate occasions prior to the subject incident permitted him to store weapons in the locker, and no deputy had ever told him weapons were not allowed in the courthouse, other evidence refuted his testimony. Sergeant Murphy testified that when appellant brought in the "red gun," he explicitly told appellant it was unlawful to bring a weapon into the courthouse. Appellant denied this admonition ever occurred. When asked, on the three earlier occasions, who permitted the storage of the weapons, appellant could

not recall the names of any of the officers. The only evidence of the three previous occasions came from the appellant.

Whether or not the sheriff gave affirmative assurances to appellant is a factual determination to be made by the fact finder. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). See also Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986). The jury was free to reject appellant's testimony, and obviously did. The jury was presented with conflicting testimony, and resolved that conflict in favor of the Commonwealth. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Even if the jury accepted appellant's testimony that he had permission to store weapons on the three earlier occasions, he was clearly told in July 2006 that it was illegal to bring a weapon into the courthouse. Because appellant indicated he was bringing the "red gun" to court for demonstration purposes, Sergeant Murphy said he would store the gun and bring it to the judge if needed. The jury could properly conclude that Sergeant Murphy did not affirmatively assure appellant that it was lawful to have the weapon in the courthouse. To the contrary, on that day, two deputies admonished appellant of the illegality of his action.

Thus, we cannot conclude that "no rational juror could have reached [the] decision" to reject appellant's defense of good faith reliance, and find appellant guilty.  Pease, 39 Va. App. at 355, 573 S.E.2d at 278.

CONCLUSION

We find that the jury did not err in rejecting appellant's defense of good faith reliance and in finding appellant guilty of possessing or transporting a weapon into a courthouse.  We affirm appellant's conviction.

Affirmed.