COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


JAMES EDWARD LEE MORRIS

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1824-08-1                          JUDGE CLEO E. POWELL
                                                        SEPTEMBER 29, 2009
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                             Timothy S. Fisher, Judge

                    Charles E. Haden for appellant.

                    Josephine F. Whalen, Assistant Attorney General II (William C.
                    Mims, Attorney General, on brief), for appellee.


        James Edward Lee Morris ("Morris") appeals his conviction for possession of a firearm by

a convicted felon, in violation of Code § 18.2-308.2.  He contends that the evidence was

insufficient to support his conviction because the Commonwealth failed to demonstrate that Morris

constructively possessed the firearm found inside his backpack.  Finding no error, we affirm.

                                      BACKGROUND

        On November 18, 2007, at approximately 9:26 p.m., Newport News Police Officer John

Kerstetter noticed a Ford Crown Victoria with a defective light.  Officer Kerstetter activated his

emergency equipment, but the Crown Victoria did not immediately pull over.  The Crown

Victoria traveled an additional quarter of a mile before finally coming to a stop.  At that point,

Officer Kerstetter shined his spotlight on the car and called for backup.  The vehicle was

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

occupied by five (5) individuals: the driver and one passenger in the front seat, and the remaining three passengers in the back seat of the car.

After the Crown Victoria had come to a complete stop, Officer Kerstetter made contact with the driver, Morris, and obtained his identification. After running Morris' information, Officer Kerstetter discovered that Morris' license had been suspended. Officer Kerstetter found that both the tags and the inspection sticker on the Crown Victoria were expired, although the tags had been altered to indicate that they were not expired. Morris told Officer Kerstetter that the registration for the Crown Victoria was not in the vehicle.

While Officer Kerstetter wrote summonses for the traffic violations, a canine unit arrived at the scene. The canine unit proceeded to perform an external sweep of the Crown Victoria. During the sweep, the canine alerted on the driver side door. Officer Kerstetter then detained all of the individuals who were in the Crown Victoria.

Officer Kerstetter searched the Crown Victoria and found a backpack behind the driver's seat. Detecting a strong odor of marijuana emanating from the backpack, Officer Kerstetter opened the backpack. Inside, Officer Kerstetter found a loaded .45 caliber handgun, mail addressed to Morris, a scale, and Crown Royal bags with marijuana residue in them.

After Officer Kerstetter advised Morris of his Miranda rights, Morris admitted that he was a convicted felon. He also admitted that the bag and mail were his, but denied knowing about the handgun, the scale or the Crown Royal bags with marijuana residue in them. Morris was subsequently charged with possession of a firearm by a convicted felon.

At trial, Officer Kerstetter testified that he did not see Morris make any furtive movements towards the backpack. He further admitted that he didn't have the gun tested for Morris' fingerprints or DNA, and he did not trace the ownership of the gun. Additionally, he

acknowledged that all five occupants remained in the car until the canine alerted to the presence of drugs, approximately thirty minutes after the stop was initiated.

After the Commonwealth had presented its evidence, Morris moved to strike the possession of firearm charge. He argued that the Commonwealth did not prove that Morris knew of the gun inside the backpack. The trial court denied the motion to strike. Morris was subsequently found guilty of possession of a firearm by a convicted felon. Morris appeals.

ANALYSIS

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). "When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008) (citations omitted).

Morris argues that, because it is possible that one of the other passengers actually placed the firearm, as well as the various other items, into the backpack without Morris' knowledge, there is insufficient evidence to prove that he had constructive possession of the firearm. Rather, according to Morris, the evidence merely amounts to suspicious circumstances, which are insufficient to prove that he knowingly or intentionally possessed the firearm. See Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944) (holding that suspicious

circumstances "no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty").

It is well established that "the pertinent conduct proscribed by Code § 18.2-308.2 is merely that of 'being a felon' and 'knowingly and intentionally' being in possession of a firearm." Branch v. Commonwealth, 42 Va. App. 665, 669, 593 S.E.2d 835, 836 (2004) (citations omitted). "A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony . . . requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm." Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995) (citations omitted).

> To support a conviction based upon constructive possession "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [item] and that it was subject to his dominion and control." Proof that the firearm "was found in . . . a vehicle . . . occupied by the [accused] is insufficient, standing alone, to prove constructive possession."

Id. at 469, 465 S.E.2d at 140 (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). See also Grier v. Commonwealth, 35 Va. App. 560, 570, 546 S.E.2d 743, 748 (2001).

In the present case, the Commonwealth demonstrated several acts and statements on the part of Morris that demonstrate that he was aware of the presence and character of the firearm. As the trial court noted, this situation is different from the situation where the police simply find a firearm in the car. In this case, the firearm was found in a backpack that Morris admitted was his and contained mail addressed to him.

In addition to the handgun and the mail, the backpack contained Crown Royal bags with marijuana residue in them and a scale. Although Morris admitted that the backpack and the mail were his, he denied ownership of the incriminating evidence, i.e. the Crown Royal bags, the

scale, and the firearm. As the Commonwealth noted, Morris, in effect, asked the trial court to find that he was carrying around a backpack that contained only a single piece of mail, meanwhile, someone else was carrying around a loaded .45 caliber handgun, a scale, and Crown Royal bags with marijuana residue in them while looking for a receptacle to put them in. Also, the strong odor of marijuana emanating from the backpack militates against Morris' position that someone recently placed the Crown Royal bags into his backpack. This Court has previously stated that, "the fact finder is not required to believe all aspects of a defendant's statement or testimony; the judge or jury may reject that which it finds implausible, but accept other parts which it finds to be believable." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

Morris further argues that the fact that the handgun was found in his backpack is merely circumstantial. "Circumstantial evidence is sufficient to support a conviction as long as it excludes every reasonable hypothesis of innocence." Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "When the Commonwealth relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the circumstances proved create a suspicion of guilt, however, strong, or even a probability of guilt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). However, "[t]he statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Id.

According to Morris, the Commonwealth failed to exclude a reasonable hypothesis of innocence, namely that the firearm had been placed in the backpack by someone other than Morris. Specifically, Morris argues that it is more likely that one of occupants of the backseat placed the firearm into the backpack.

The determination of "whether an alternative explanation is a 'reasonable hypothesis of innocence' is a question of fact." Byers v. Commonwealth, 23 Va. App. 146, 152, 474 S.E.2d 852, 855 (1996) (quoting Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988)). Thus, "[t]he issue upon appellate review is not whether 'there is some evidence to support' these hypotheses. The issue is whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [Morris'] theories in his defense and found him guilty [] beyond a reasonable doubt." Hudson, 265 Va. at 513, 578 S.E.2d at 785.

The record in this case demonstrates that the trial court specifically addressed and rejected the possibility that another occupant of the vehicle placed the firearm into the backpack. In light of the fact that Morris admitted ownership of the bag and "there's something in it that indicates it's his bag," the trial court summarized Morris' argument as "'The gun is not mine, but the bag is mine.'" Accordingly, the trial court found that there was enough evidence for the conviction. The trial court's findings are supported by the fact that the vehicle and its occupants were lit by Officer Kerstetter's spotlight and under the observation of several police officers for the entire thirty (30) minutes that they waited for the canine unit to arrive. Just as there were no furtive gestures on Morris' part, there was no evidence of furtive gestures by any of the passengers indicative of an attempt to stow a firearm or any of the other items in Morris' bag.

"Based on familiar principles, this Court does not substitute its own judgment for that of the trier of fact. The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence." Byers, 23 Va. App. at 152-53, 474 S.E.2d at 855 (citations omitted).

CONCLUSION

In light of Morris' admission that the bag and the mail inside were his and the fact that the bag smelled strongly of marijuana, there is ample support for the reasonable inference that he

- 6 -

was aware of the other contents of the backpack, including the firearm, and that it was subject to his dominion and control. As we cannot say that the judgment of the trial court is plainly wrong or without supporting evidence, the judgment is affirmed.

<u>Affirmed.</u>