COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


JOHN CALVIN TORIAN

                                                  MEMORANDUM OPINION* BY
v.        Record No. 0893-09-2                    JUDGE RANDOLPH A. BEALES
                                                          MAY 11, 2010

COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                          Charles L. McCormick, III, Judge

            Buddy A. Ward, Public Defender (Office of the Public Defender, on
            brief), for appellant.

            Karen Misbach, Assistant Attorney General II (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        John Calvin Torian (appellant) was convicted by the trial court of possession of a firearm by

a convicted felon, in violation of Code § 18.2-308.2.  Appellant on appeal argues that the trial court

erred in rejecting his affirmative defense of good faith reliance brought under this Court's opinion in

Miller v. Commonwealth, 25 Va. App. 727, 492 S.E.2d 482 (1997), and, therefore, the evidence

was insufficient to support the conviction.  For the following reasons, we affirm.

                                    I. BACKGROUND

        On April 26, 2008, Investigators Clay and Womack responded to a call regarding a

domestic disturbance at appellant's home.  Appellant's wife permitted the investigators to enter

the home, and a gun cabinet was observable in the hallway near the living room.  Both

investigators could clearly see firearms on display through the cabinet's glass.  Appellant's wife

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

indicated that appellant was a convicted felon, which the investigators confirmed after contacting the police dispatcher.

After he was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), appellant indicated that the firearms on display in the gun cabinet were his, but claimed that his probation officer had told him that he was allowed to have guns in his house. Investigator Womack asked appellant where he kept the key to the gun cabinet. Appellant remarked that the key was probably "on top of some [cupboard]" in the kitchen. However, the key to the gun cabinet was actually on a ring of keys recovered from appellant's pants pocket during a search incident to arrest. The gun cabinet's key was on the same key ring as the key to a four-wheel vehicle that appellant owned. Appellant acknowledged charging this vehicle's battery shortly before the investigators arrived.

Unlocking the gun cabinet with the key recovered from appellant's pants pocket, the investigators recovered the following items from the gun cabinet: five shotguns, two rifles, and one air rifle; a black bag containing three rounds of sixteen-gauge shotgun ammunition; additional shotgun ammunition of varying types on the bottom of the cabinet; and a document from the U.S. Treasury bearing appellant's name and social security number.[1]

At trial, appellant conceded that he had been convicted of several felonies in 1986, and acknowledged that the firearms in the gun cabinet were his. He claimed that Donna Webb, his probation officer at the time of his felonies, advised him that he could keep his firearms "as long as I kept them locked up." Webb did not testify at trial, and defense counsel told the trial court that he was unable to locate her.

---

[1] Prior to trial, the investigators test-fired a sixteen-gauge shotgun – one of the shotguns recovered from the cabinet – with the corresponding ammunition. The firearm was operable.

Jonathan Thackston, a Halifax County probation officer since 1999, testified during appellant's case-in-chief that the county probation office's informal policy used to be that convicted felons could own a firearm provided that they "had no access to it." According to Thackston, at that time the probation officers had told convicted felons that "[t]here could be a firearm in your home if it's in a safe, in a gun case, whatever, somewhere locked where *you don't have the key, where you have no access to it*." (Emphasis added). On cross-examination, Thackston indicated that, although convicted felons were advised that they could own firearms under the then-existing policy, they were instructed not to possess the key to the safe or the gun cabinet where the firearms were locked.[2]

In his motion to strike, appellant argued that he was entitled to rely on Webb's advice that appellant could own firearms as long as he "kept them under lock and key." The prosecutor argued that appellant's testimony concerning the content of Webb's advice was not credible and was inconsistent with Thackston's testimony. "Here," the prosecutor argued, "not only did the defendant have a key [to the gun cabinet], he had the key on his person." The trial court denied appellant's motion to strike and rejected his claim of good faith reliance on Webb's advice. The trial court found that "the best evidence really is what [Webb] told him is what the policy was at the time. And that was stated by Mr. Thackston and . . . the key to this case is the key."

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light

---

[2] According to Thackston, under the probation office's current policy, he now advises convicted felons not "to be around" firearms at all and, therefore, to "treat a firearm like it's a bag of cocaine."

most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

"[T]o prove a violation under the plain language of [Code § 18.2-308.2], the Commonwealth must establish nothing more than that the defendant 'has been convicted of a felony' and that he or she 'knowingly and intentionally possessed . . . any firearm.'" Branch v. Commonwealth, 42 Va. App. 665, 669, 593 S.E.2d 835, 837 (2004) (quoting Code § 18.2-308.2). Appellant concedes that he was previously convicted of felonies and that the firearms in the gun cabinet were his. However, he argues that his conviction under Code § 18.2-308.2 was contrary to the principles expressed by this Court in Miller because, he claims, he relied on the advice of his probation officer in keeping his firearms "locked up."

The affirmative defense of "good faith reliance" is available when "a defendant has reasonably relied upon affirmative assurances that certain conduct is lawful, when those assurances are given by a public officer or body charged by law with responsibility for defining permissible conduct with respect to the offense at issue." Miller, 25 Va. App. at 735, 492 S.E.2d at 486-87. To successfully assert this due process defense, therefore, a defendant must prove three elements:

> 1) that he was assured that the conduct giving rise to the conviction was lawful; 2) that the assurance was given by a "government

official," i.e., "a public officer or body charged by law with responsibility for defining permissible conduct with respect to the offense at issue"; and 3) that, based on the totality of the circumstances, reliance upon the advice was reasonable and in good faith.

Branch, 42 Va. App. at 671, 593 S.E.2d at 837 (quoting Miller, 25 Va. App. at 738-39, 745, 492 S.E.2d at 488-89, 491).

As "it is the *defendant's* burden" to satisfy the requirements of this affirmative defense, Branch, 42 Va. App. at 671, 593 S.E.2d at 837, it was appellant's burden at trial to establish, "as a threshold matter, the legal sufficiency of the content and source of the information received." Miller, 25 Va. App. at 737, 492 S.E.2d at 487 (citation omitted). "With respect to content, the defense is available only where the information upon which the defendant has relied is an affirmative assurance that the conduct giving rise to the conviction is lawful." Id. at 738, 492 S.E.2d at 487. "In the absence of such an affirmative assurance," therefore, "the due process concerns that the defense is designed to protect are not implicated, and the defense fails." Id. (citation omitted).

As a threshold matter, this Court's opinion in Miller is inapplicable to the facts of this case because, unlike here, the trial court in Miller *believed* the defendant's testimony concerning the content of the information he received. Id. at 731, 492 S.E.2d at 484. Here, although the trial court apparently believed that appellant and Webb had a conversation concerning the firearms appellant owned prior to his felony convictions, the trial court clearly *did not* believe appellant's testimony concerning the *content* of the information he received from Webb. See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991) (holding that the factfinder is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely"). Instead, the trial court credited the testimony of Thackston, a Halifax County probation officer, who testified as appellant's own witness. According to Thackston,

convicted felons were advised under the probation office's former policy that they could keep firearms in their home – but only if they *did not have access to the key* used to lock the firearms. After considering both appellant's testimony and Thackston's testimony, the trial court found that Webb had informed appellant of the same policy that Thackston described at trial.[3]

Therefore, because appellant failed to establish that Webb assured him that keeping firearms in his home was *lawful* provided that he merely kept the firearms "locked up," he failed to establish the first element of a due process defense under Miller. See Branch, 42 Va. App. at 671, 593 S.E.2d at 837 (explaining that the first element of a due process defense under Miller is establishing "that [the defendant] was assured that the conduct giving rise to the conviction was lawful"). Accordingly, the trial court did not err in rejecting appellant's affirmative defense.

Furthermore, the evidence at trial amply established that appellant possessed the key to the gun cabinet. The key was retrieved from appellant during a proper search incident to arrest, and it was attached to the same key ring that contained a key to a four-wheel vehicle, which appellant had used shortly before the authorities arrived. The key to the gun cabinet, therefore, was easily available to appellant.

"'The law is well established that possession of the means to exercise dominion [and] control over an item gives the possessor dominion [and] control over the item [itself].'" Wright v. Commonwealth, 53 Va. App. 266, 274, 670 S.E.2d 772, 776 (2009) (quoting Bell v. Commonwealth, 21 Va. App. 693, 698-99, 467 S.E.2d 289, 291-92 (1996) (holding that victim's possession of keys to vehicle placed her in possession or control of vehicle for purposes of

---

[3] At oral argument before this Court, appellant's counsel contended that Webb *might* have conveyed to appellant an earlier policy than the policy described by Thackston. However, the due process defense under Miller is an affirmative defense. When asserting an affirmative defense, "the burden is on the defendant to present evidence establishing such defense to the satisfaction of the fact finder." Riley v. Commonwealth, 277 Va. 467, 489, 675 S.E.2d 168, 175 (2009) (citing Shifflett v. Commonwealth, 221 Va. 760, 769, 274 S.E.2d 305, 310 (1981)). Here, appellant clearly failed to satisfy this burden.

carjacking statute, Code § 18.2-58.1). Appellant's possession of the key to the gun cabinet provided him with the means to exercise dominion and control over the firearms contained in the gun cabinet. Moreover, in addition to the firearms and ammunition, a U.S. Treasury document bearing appellant's name was found in the gun cabinet. Appellant testified that, when he purchased the gun cabinet in 2007, a friend moved the firearms from a locked box to the gun cabinet. Appellant testified that the friend must have placed the U.S. Treasury document in the gun cabinet as well. However, the trial court was not obligated to accept this explanation, and the presence of appellant's document inside the gun cabinet further supports the conclusion that appellant had access to the contents inside the gun cabinet, including the firearms. See Byers v. Commonwealth, 37 Va. App. 174, 180, 554 S.E.2d 714, 716 (2001) (affirming the defendant's conviction for being a convicted felon in possession of a firearm when he had knowledge of the firearm and its location and had access to it); cf. Birdsong v. Commonwealth, 37 Va. App. 603, 606, 560 S.E.2d 468, 469 (2006) (noting, in holding that the defendant constructively possessed contraband found in a safe, that the defendant's papers were found in and on top of a dresser that was positioned directly next to the safe in the defendant's bedroom closet). Therefore, the evidence was sufficient to find that appellant, a convicted felon, constructively possessed the firearms in violation of Code § 18.2-308.2.

## III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction for possession of a firearm by a convicted felon.

Affirmed.