## Richmond

LESLIE E. COLEMAN v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record Nos. 7742 and 7743.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*James R. Scott, Jr.* (*White, Cabell, Paris & Lowenstein,* on brief), for plaintiff in error in Record Nos. 7742 and 7743.

*A. R. Woodroof, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7742 and 7743.

SNEAD, C.J., delivered the opinion of the court.

Leslie E. Coleman was convicted on June 16, 1970, by the trial court, sitting without a jury, of operating a motor vehicle while under the influence of intoxicants. He was sentenced to 30 days in jail and to pay a fine of $200. The jail sentence was suspended on condition that he be of good behavior for a period of three years (Record No. 7742). Coleman was also tried for unlawfully and unreasonably refusing to take the blood test required by Code § 18.1-55. The court found that Coleman's refusal was not a reasonable refusal and suspended his operator's license for a period of 90 days (Record No. 7743).

When arrested, Coleman was advised by Trooper W. D. Spence of the law regarding the blood test. He agreed to take the test and was driven to the Medical College of Virginia by Spence. Before administering the blood test, hospital personnel requested Coleman to sign two forms. He refused to sign these forms or to take the blood test and asked Trooper Spence if he could consult with an attorney. Trooper Spence would not permit Coleman to call an attorney, and thereafter Coleman again refused to sign the forms or take the test unless he was allowed to call an attorney.

Copies of the forms Coleman was requested to sign were not offered into evidence. Trooper Spence testified that he saw the forms at the hospital but did not read them. He said merely that they appeared similar to permission forms and waiver of liability forms he had read on previous occasions.

In connection with the driving drunk charge, Coleman contends that his conviction should be reversed because he was denied his constitutional right to consult with counsel before deciding whether to take the blood test. However, in *Law* v. *City of Danville*, 212 Va. 702, 187 S.E.2d 197 (1972), decided this day, we held that a person charged with operating a motor vehicle while under the influence of intoxicants does not have a constitutional right to consult an attorney before deciding whether to take a blood test.

With respect to the charge of unreasonably refusing to take the blood test, Coleman contends that the order revoking his license should be reversed because his refusal was reasonable since it was based upon the denial of his right to consult with counsel. However, in *Deaner* v. *Commonwealth*, 210 Va. 285, 293, 170 S.E.2d 199 (1969), we held that an unwillingness to take the blood test without prior consultation with counsel is not a reasonable refusal.

Additionally, Coleman contends that the order revoking his license should be reversed because he was required to sign the two forms before hospital personnel would withdraw a blood sample for the test. However, the only testimony concerning the forms came from Trooper Spence. It is not possible from that testimony to know the content of the forms submitted to Coleman. Thus, we cannot say that it was reasonable for Coleman to refuse to take the test because of the requirement that he sign the forms before his blood would be withdrawn.

The judgments appealed from will be

*Affirmed.*