COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Kelsey and McClanahan
Argued at Alexandria, Virginia


ROBERT B. BROTHERS, III

                                                              OPINION BY
v.        Record No. 2281-06-4              JUDGE JEAN HARRISON CLEMENTS
                                                           OCTOBER 9, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
James F. Almand, Judge

Matthew T. Foley, Deputy Public Defender (Office of the Public
Defender, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        Robert B. Brothers, III, (appellant) was convicted in a jury trial of unreasonable refusal to

submit to a breath test, after having been convicted of two predicate offenses within ten years, in

violation of Code § 18.2-268.3.  On appeal, he contends the trial court erred by instructing the

jury that the consent to submit to a breath test is not a qualified or conditional consent and that a

person's unwillingness to take the test without access to counsel is not a reasonable basis to

refuse the test.  Finding no error, we affirm the trial court's judgment and appellant's conviction.

I.  BACKGROUND

        The relevant facts in this case are not in dispute.  On August 18, 2000, appellant was

convicted in Virginia of driving under the influence (DUI), in violation of Code § 18.2-266, and

of unreasonable refusal to submit to a breath test, in violation of Code § 18.2-268.3.

        On February 14, 2006, Arlington County Police Officer Bryan J. Morrison arrested

appellant for DUI.  After transporting him to the detention center, Officer Morrison informed

appellant of the implied consent statute and read the implied consent form to him verbatim. He then asked appellant to submit to a breath test. Appellant requested that Officer Morrison call his lawyer in Virginia Beach and told the officer he would not submit to the test "unless the lawyer was present." Officer Morrison informed appellant that he would not contact his attorney for him. Twice more, Officer Morrison asked appellant to take the test. Each time, appellant stated he would not take the test without his attorney present. Officer Morrison explained to appellant that his failure to take the test constituted a "refusal." Appellant responded that he was "not refusing," rather, he was "just not taking it without [his] attorney present." Officer Morrison then took appellant before a magistrate, who issued a warrant charging appellant with the criminal offense of unreasonable refusal to submit to a breath test after having been convicted of two predicate offenses within ten years.

At trial, appellant testified, out of the jury's presence, that his former attorney had advised him that, if he were stopped for suspected DUI in the future and offered a breath test, he should refuse to take the test unless his attorney was present. Appellant explained that his prior counsel told him that, without counsel present at the breath test, he would have no way of knowing "whether the machine is calibrated, whether the . . . officer who gave me the test had a certification, whether there was the right machine was used, . . . [and] whether it's calibrated right." Appellant further explained that he wanted "an attorney [to] be present to look out for [his] interests." On cross-examination, appellant testified he had "four or five" prior DUI convictions.

The trial court ruled that appellant could not argue to the jury that his refusal to take the breath test was reasonable because he had a right to have an attorney present. After the close of the evidence, the Commonwealth proffered, *inter alia*, the following two jury instructions, which the court granted over appellant's objection:

INSTRUCTION NO. 7

The consent to submit to a breath test is not a qualified consent and it is not a conditional consent. There can be no qualified refusal or conditional refusal.

INSTRUCTION NO. 8

A person's unwillingness to take the test without counsel present, or without prior consultation with counsel, does not constitute a reasonable basis for the refusal.

The jury subsequently convicted appellant of unreasonable refusal to submit to a breath test after having been convicted of two predicate offenses within ten years, and this appeal followed.

II. ANALYSIS

On appeal, appellant contends Instruction No. 7 and Instruction No. 8 "misstate the law" because a person's unwillingness to submit to a breath test without access to counsel constitutes a "reasonable" refusal under Code § 18.2-268.3, as a matter of law. Thus, he concludes, the trial court erred in giving Instruction No. 7 and Instruction No. 8 to the jury.[1] We disagree.

The legal principles applicable to this appeal are well settled. "The trial judge has broad discretion in giving or denying instructions requested." Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485,

---

[1] As acknowledged by appellant's counsel at oral argument, appellant does not claim on appeal that his instant conviction under Code § 18.2-268.3 violated his Sixth Amendment right to counsel. See Law v. City of Danville, 212 Va. 702, 703, 187 S.E.2d 197, 198 (1972) (holding that the "denial of the right to consult with counsel before an accused decides whether to take a blood test does not violate the Sixth Amendment"). Nor does appellant claim that Instruction No. 7 and Instruction No. 8 should not have been given to the jury, even if they accurately stated the law, because the trial court could have addressed the matter solely by excluding all evidence and argument regarding appellant's unwillingness to submit to a breath test without access to counsel. Accordingly, these issues are not before us here.

488, 370 S.E.2d. 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "[A] correct statement of the law is one of the 'essentials of a fair trial.'" Id. (quoting Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979)). "No instruction should be given that 'incorrectly states the applicable law or which would be confusing or misleading to the jury.'" Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)). In addition, "[a] proposed jury instruction submitted by a party, which constitutes an accurate statement of the law applicable to the case, shall not be withheld from the jury solely for its nonconformance with model jury instructions." Code § 19.2-263.2. Because the issue presented is a question of law involving the interpretation of Code § 18.2-268.3, we review the trial court's statutory interpretation and legal conclusions *de novo*. See Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998) ("Although the trial court's findings of historical fact are binding on appeal unless plainly wrong, we review the trial court's statutory interpretations and legal conclusions *de novo*.").

Code § 18.2-268.2, Virginia's implied consent statute, provides, in relevant part, that any person who operates a motor vehicle on the highways of the Commonwealth "shall be deemed . . . to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol . . . content of his blood, if he is arrested for violation of [Code] § 18.2-266, . . . within three hours of the alleged offense." Code § 18.2-268.3(A) provides, in pertinent part as follows:

> It shall be unlawful for a person who is arrested for a violation of [Code] § 18.2-266 . . . to *unreasonably* refuse to have samples of his blood or breath or both blood and breath taken for chemical tests to determine the alcohol . . . content of his blood as required by [Code] § 18.2-268.2 and any person who so *unreasonably* refuses is guilty of a violation of this section.

(Emphases added).

- 4 -

It is clear, therefore, that a person's refusal to submit to a blood or breath test must be unreasonable to constitute a violation of the statute. The issue before us, then, is whether a person's unwillingness to submit to a breath test without access to counsel constitutes an "unreasonable" refusal under Code § 18.2-268.3(A).

Interpreting an earlier version of the implied consent law, our Supreme Court considered the same issue in Deaner v. Commonwealth, 210 Va. 285, 170 S.E.2d 199 (1969). In that case, the trial court suspended the defendant's driver's license after he refused to provide a blood sample following an arrest for DUI. Id. at 286-87, 170 S.E.2d at 200. On appeal, the defendant contended his refusal was not unreasonable because he had the right to consult an attorney. Id. at 287, 170 S.E.2d at 200. Holding the defendant's request for counsel did not constitute a "reasonable" basis for refusal, the Supreme Court affirmed the defendant's conviction. Id. at 293, 170 S.E.2d at 204. In reaching that decision, the Court concluded the defendant could not condition his consent to take the test upon his desire to first consult with counsel:

> In Virginia the consent to take a blood test is given when a person operates a motor vehicle. It is not a qualified consent and it is not a conditional consent, and therefore there can be no qualified refusal or conditional refusal to take the test.
>
> The fact that under the Virginia statute an accused is afforded an opportunity to establish the reasonableness of his refusal does not operate to dilute the consent previously given, or convert that consent into a qualified or conditional one. The statute does excuse from [punishment for refusal to take] the test one whose refusal is reasonable. An illustration is where a person's health would be endangered by the withdrawal of blood.

Id. at 292-93, 170 S.E.2d at 204, quoted with approval in Cash v. Commonwealth, 251 Va. 46, 52, 466 S.E.2d 736, 739 (1996). To hold otherwise, the Court further reasoned, "would virtually nullify the [i]mplied [c]onsent [l]aw." The "practical effect" of such a holding, the Court continued,

would be that a decision to refuse the test would not be based upon "reasonableness," as contemplated by the [i]mplied [c]onsent [l]aw, but whether, in the judgment of the attorney, the refusing of the test would best serve the interest of his client in a trial of the criminal charge of drunk driving. Manifestly this would frustrate the intent and object of the law and perpetuate the evil it seeks to correct.

Id. at 293, 170 S.E.2d at 204.

The same holding and rationale apply here. Appellant impliedly consented to a breath test when he operated his motor vehicle on Virginia's roads. That consent, as the Supreme Court stated in Deaner, was neither "a qualified consent" nor "a conditional consent." Id. at 292, 170 S.E.2d at 204; see also Rowley v. Commonwealth, 48 Va. App. 181, 187, 629 S.E.2d 188, 191 (2006) (rejecting a Fourth Amendment challenge to the breath test as an unreasonable search where the defendant impliedly consented to the test by "exercising the legal privilege of driving on the Commonwealth's roads" and holding that such consent was not qualified or conditional). Thus, "there [could] be no qualified refusal or conditional refusal to take the [breath] test." Deaner, 210 Va. at 292, 170 S.E.2d at 204.

Consequently, appellant could not condition or qualify his implied consent to take the breath test upon his having access to counsel. Id. at 293, 170 S.E.2d at 204. Indeed, as we noted in Goodman v. Commonwealth, 37 Va. App. 374, 384, 558 S.E.2d 555, 560 (2002), "the implied consent law is 'designed to protect other users of state highways,' Deaner, 210 Va. at 289, 170 S.E.2d at 202, and thus, the circumstances in which one may reasonably refuse the test and abrogate the consent implied by law are narrow, such as 'where a person's health would be endangered by the withdrawal,' id. at 293, 170 S.E.2d at 204." To hold that a person's unwillingness to take the test without access to counsel constitutes a "reasonable" basis for the refusal under Code § 18.2-268.3(A) "would virtually nullify the [i]mplied [c]onsent [l]aw" and "frustrate the intent and object of the law and perpetuate the evil it seeks to correct." Deaner,

210 Va. at 293, 170 S.E.2d at 204. In determining the meaning of a statute, we endeavor "'to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.'" Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006) (quoting Jones v. Rhea, 130 Va. 345, 372, 107 S.E. 814, 823 (1921)). We hold, therefore, that a person's unwillingness to take the test without counsel present, or without prior consultation with counsel, does not constitute a reasonable basis for the refusal. Deaner, 210 Va. at 293, 170 S.E.2d at 204; see also Cash, 251 Va. at 52, 466 S.E.2d at 739 (holding that the defendant's desire to consult with counsel to see how to protect herself "'from being framed'" furnishes no legal basis for her refusal to submit to blood alcohol testing following DUI arrest); Bailey v. Commonwealth, 215 Va. 130, 131, 207 S.E.2d 828, 829 (1974) (holding "it is not reasonable to refuse a blood analysis solely because counsel advises 'not to take the test'"); Coleman v. Commonwealth, 212 Va. 684, 685, 187 S.E.2d 172, 174 (1972) (affirming the defendant's license suspension because an unwillingness to take the blood test without prior consultation with counsel is not a reasonable refusal); cf. Goodman, 37 Va. App. at 384, 558 S.E.2d at 560 (holding that a person's physical inability to refuse the blood test does not constitute "a refusal sufficient to abrogate the consent implied by his act of driving").

Appellant asserts, however, that Deaner and subsequent cases relying thereon are inapplicable to the circumstances of this case because, as applied here, Code § 18.2-268.3 is now punitive rather than merely administrative as it was when Deaner was decided.[2] Appellant argues that the legislature's 2004 addition to the statute of a criminal penalty for certain

---

[2] Code § 18.2-268.3(D) provides that "[a] first violation of this section is a civil offense and subsequent violations are criminal offenses."

unreasonable refusals renders his unwillingness to take the breath test without access to counsel a "reasonable" basis for refusing to take the test. We disagree.

Although the Supreme Court relied in <u>Deaner</u> in part on its determination that the statutorily authorized test following an arrest for DUI was "part of a civil and administrative proceeding," it also relied on the independent basis set forth hereinabove, namely, that reading the statute as permitting a person to condition his implied consent to take the test upon his desire to first consult with counsel would "frustrate the intent and object of the [implied consent] law and perpetuate the evil it seeks to correct." 210 Va. at 293, 170 S.E.2d at 204; <u>see</u> <u>Goodman</u>, 37 Va. App. at 384, 558 S.E.2d at 560 (relying solely on that aspect of <u>Deaner</u>'s analysis involving the contravention of legislative intent). That portion of the Court's analysis dealing with the frustration of legislative intent applies regardless of whether the penalty imposed as a result of the refusal is civil or criminal. Indeed, appellant's suggestion that the legislature would assign different meanings to the word "unreasonably" depending on a first versus a subsequent violation is simply irrational. Plainly, the criminal penalty for subsequent offenses does not transform a request for counsel into a reasonable refusal under Code § 18.2-268.3.

Moreover, we presume the legislature was familiar with the Supreme Court's holding in <u>Deaner</u> that a person's unwillingness to take a blood or breath test without access to counsel does not constitute a "reasonable" basis for refusal when it enacted the 2004 amendment to Code § 18.2-268.3. <u>See</u> <u>Burns v. Board of Supervisors</u>, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984) ("Where the General Assembly acts in an area in which [the Supreme] Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein."); <u>Burke v. Commonwealth</u>, 29 Va. App. 183, 188, 510 S.E.2d 743, 745-46 (1999) ("When new provisions are added to existing legislation by amendment, we presume that, in making such amendment, the legislature 'acted with full knowledge of and in reference to the existing law upon the same

- 8 -

subject and the construction placed upon it by the courts.'" (quoting City of Richmond v. Sutherland, 114 Va. 688, 693, 77 S.E. 470, 472 (1913))).  Had the legislature desired to counteract or otherwise modify that holding when it imposed a criminal sanction for certain unreasonable refusals, it could have done so, but it did not.  We decline appellant's invitation to do so here.

Because Instruction No. 7 and Instruction No. 8 correctly reflect the applicable law, we find no error in their submission to the jury.

### III.  CONCLUSION

For these reasons, we affirm the judgment of the trial court and appellant's conviction.

Affirmed.