PRESENT:  All the Justices

PAUL J. D'AMICO
                                              OPINION BY
v.  Record No. 130549        JUSTICE ELIZABETH A. McCLANAHAN
                                          FEBRUARY 27, 2014
COMMONWEALTH OF VIRGINIA

        FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                    Robert M.D. Turk, Judge


    The circuit court found Paul J. D'Amico guilty of

unreasonably refusing to submit to a breath test in violation

of Code § 18.2-268.3.  On appeal, D'Amico contends the circuit

court erroneously admitted into evidence the arresting

officer's "Declaration and Acknowledgment of Refusal" form

required by subsections B and C of the statute.  D'Amico also

challenges the circuit court's denial of his motion to strike

the Commonwealth's evidence.  We affirm his conviction.

                      I.  Background

    Deputy A.J. Shrader, Jr., of the Montgomery County

Sheriff's Office, arrested D'Amico for driving under the

influence of alcohol (Code § 18.2-266).  At that time, Shrader

"advise[d] [D'Amico] of Virginia's implied consent law," which

Shrader read from "the standard card that [he] kept with [him].

Shrader then transported D'Amico to the Montgomery County

magistrate's office and left D'Amico with Officer Mike F.

Nelson of the Christiansburg Police Department to conduct the

"DUI breath test."

Before administering the breath test, Nelson read to D'Amico the information contained in the Declaration and Acknowledgment of Refusal form (hereinafter the "refusal form") as specified in Code § 18.2-268.3(B).[1] D'Amico stated in response that "he wanted his attorney and if his attorney said to take [the breath test], he would." Nelson then asked D'Amico three times to take the test, but D'Amico refused and cursed at Nelson. Afterwards, Shrader returned for D'Amico, took him to the magistrate and obtained a summons against him

_____

[1] Subsection B of Code § 18.2-268.3 states, in relevant part:

When a person is arrested for a violation of [§] 18.2-266 . . . and such person refuses to permit blood or breath or both blood and breath samples to be taken for testing as required by § 18.2-268.2, the arresting officer shall advise the person, from a form provided by the Office of the Executive Secretary of the Supreme Court, that (i) a person who operates a motor vehicle upon a highway in the Commonwealth is deemed thereby, as a condition of such operation, to have consented to have samples of his blood and breath taken for chemical tests to determine the alcohol or drug content of his blood, (ii) a finding of unreasonable refusal to consent may be admitted as evidence at a criminal trial, (iii) the unreasonable refusal to do so constitutes grounds for the revocation of the privilege of operating a motor vehicle upon the highways of the Commonwealth, (iv) the criminal penalty for unreasonable refusal within 10 years of a prior conviction for driving while intoxicated or unreasonable refusal is a Class 2 misdemeanor, and (v) the criminal penalty for unreasonable refusal within 10 years of any two prior convictions for driving while intoxicated or unreasonable refusal is a Class 1 misdemeanor.

2

on the charge of unreasonably refusing to submit to a breath test in violation of Code § 18.2-268.3, first offense.[2]

In obtaining the summons, Shrader presented to the magistrate a refusal form bearing his signature. The refusal form indicated that Shrader, as the arresting officer, had read the form to D'Amico, and that D'Amico, "after having th[e] form read to him[,] refused to permit the taking of a breath and/or blood sample."

At the bench trial on D'Amico's refusal charge, Shrader and Nelson testified for the Commonwealth. Shrader acknowledged during his testimony that he could not recall whether he had in fact read the refusal form to D'Amico. D'Amico objected to the Commonwealth's motion to admit into evidence the refusal form signed by Shrader (hereinafter the "Shrader form"). D'Amico argued, inter alia, that the Shrader form was inadmissible because the Commonwealth's evidence established that Nelson, the breath test operator, and not Shrader, the arresting officer, read the refusal form to D'Amico, contrary to the terms of Code § 18.2-268.3(B). Furthermore, D'Amico asserted, Shrader wrongfully certified to the magistrate on the Shrader form that he read this form to D'Amico, contrary to the terms

---

[2] Pursuant to subsection D of Code § 18.2-268.3, "[a] first violation is a civil offense and subsequent violations are criminal offenses. For a first offense the court shall suspend the defendant's privilege to drive for a period of one year."

3

of Code § 18.2-268.3(C).[3]  In response, the Commonwealth argued that the combined actions of Shrader and Nelson were in substantial compliance with the procedures set forth in subsections B and C of Code § 18.2-268.3, which was all that was required under the governing standard provided in Code § 18.2-268.11.[4]  The circuit court took D'Amico's objection under advisement.

At the conclusion of the Commonwealth's case, D'Amico presented no evidence, but moved to strike the Commonwealth's evidence on the same grounds that he opposed the admission of the Shrader form.  Absent this form's admission, D'Amico argued, the Commonwealth failed to establish a prima facie case

---

[3] Subsection C of Code § 18.2-268.3 states, in relevant part:

The arresting officer shall, under oath before the magistrate, execute the form and certify, (i) that the defendant has refused to permit blood or breath or both blood and breath samples to be taken for testing; (ii) that the officer has read the portion of the form described in subsection B to the arrested person; [and] (iii) that the arrested person, after having had the portion of the form described in subsection B read to him, has refused to permit such sample or samples to be taken . . . .  Such sworn certification shall constitute probable cause for the magistrate to issue a warrant or summons charging the person with unreasonable refusal.

[4] Code § 18.2-268.11 states, in relevant part, that "[t]he steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive," and that "[s]ubstantial compliance shall be sufficient."

4

of unreasonable refusal.  The circuit court took the case under advisement, deferring its rulings on the admissibility of the Shrader form and the motion to strike.

The circuit court subsequently overruled D'Amico's objection to the Shrader form and found him guilty as charged, based on the testimony of Shrader and Nelson that D'Amico was arrested under Code § 18.2-266 and refused to submit to the breath test in order to first speak with his attorney.

We granted D'Amico this appeal in which he argues in his assignments of error that the circuit court erred by admitting the Shrader form and denying his motion to strike.

## II.  Analysis

Central to D'Amico's challenges to the circuit court's rulings is his contention that the circuit court erroneously construed Code § 18.2-268.3 with regard to the elements of the unreasonable refusal offense.  This presents a pure question of law subject to de novo review.  Boone v. Commonwealth, 285 Va. 597, 599, 740 S.E.2d 11, 12 (2013); Lawlor v. Commonwealth, 285 Va. 187, 223, 738 S.E.2d 847, 868 (2013).  Settled principles of statutory construction dictate that "'[w]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language.'"  Osman v. Osman, 285 Va. 384, 389, 737 S.E.2d 876, 878-79 (2013) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

5

That is to say, courts are not free to place a construction upon a statute that "'amounts to holding that the legislature did not intend what it actually has expressed.'" Paugh v. Henrico Area Mental Health & Dev. Servs., 286 Va. 85, 89, 743 S.E.2d 277, 279 (2013) (quoting Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 339, 497 S.E.2d 335, 337 (1998)).

Under D'Amico's view of Code § 18.2-268.3, subsections B and C of the statute - prescribing the content, reading and execution of the refusal form - constitute part of the elements of the offense of unreasonable refusal. Thus, D'Amico contends that the Commonwealth was required to prove as part of its prima facie case that Shrader, as the arresting officer, read the refusal form to D'Amico and observed his "resulting refusal," which the Commonwealth's evidence failed to show. We disagree with this reading of Code § 18.2-268.3.

Under Virginia's implied consent law, any person operating a vehicle on a Virginia highway is "deemed . . . to have consented" to submit to a chemical test that measures his blood alcohol and/or drug content if he is arrested for violation of Code § 18.2-266, as occurred in this case. Code § 18.2-268.2. Code § 18.2-268.3(A) then sets forth the unreasonable refusal offense as follows:

It shall be unlawful for a person who is arrested for a violation of § 18.2-266 . . . to unreasonably refuse to have samples of his blood or breath or both blood and

6

breath taken for chemical tests to determine the alcohol
or drug content of his blood . . . and any person who so
unreasonably refuses is guilty of a violation of this
section.

The elements of the offense are plainly stated in subsection A:

unreasonably refusing to submit to a blood and/or breath test

after being arrested for driving under the influence of alcohol

or drugs.  Contrary to D'Amico's urged construction of the

statute, subsection A does not incorporate the procedural

requirements set forth in subsections B and C.[5]  Instead,

compliance with the subsection B and C procedures is limited to

establishing probable cause for the issuance of a warrant or

summons charging a driver with unreasonably refusing to submit

to the breath or blood test.  Thus, while the requirements in

subsections B and C indeed provide significant procedural

safeguards to the accused, they are not elements of the

unreasonable refusal offense.

    Accordingly, the Shrader form was not required in order for

the Commonwealth to establish a prima facie case of

unreasonable refusal against D'Amico.  The relevant, undisputed

evidence was, instead, that D'Amico had been arrested for

driving under the influence of alcohol in violation of Code §

18.2-266 and refused to submit to a breath test until he had

_____

[5] See supra notes 1 and 3.

7

spoken with his attorney. On those undisputed facts, the circuit court found D'Amico guilty of the offense. Those facts were sufficient as a matter of law to support that finding. As this Court has previously held, a person's unwillingness to take the test without prior consultation with counsel does not constitute a reasonable basis for the refusal. Coleman v. Commonwealth, 212 Va. 684, 685, 187 S.E.2d 172, 174 (1972); Deaner v. Commonwealth, 210 Va. 285, 293, 170 S.E.2d 199, 204 (1969). Thus, D'Amico was not prejudiced by the admission of the Shrader form, as he contends, and its admission was, at most, harmless error.[6]

For the same reasons, we reject D'Amico's contention that the circuit court erred by denying his motion to strike the Commonwealth's evidence on the theory that, absent the admission of the Shrader form, the Commonwealth failed to prove the elements of the unreasonable refusal offense. As stated above, the undisputed evidence in this case was sufficient to establish D'Amico's guilt as a matter of law.

III. Conclusion

---

[6] Given our holding, we need not address D'Amico's argument concerning the applicability of the substantial compliance provisions of Code § 18.2-268.11 to Code § 18.2-268.3 in the context of the Shrader form's admissibility.

We hold the circuit court committed no reversible error in admitting the Shrader form and denying D'Amico's motion to strike the Commonwealth's evidence.  We will therefore affirm the judgment of the circuit court.

<u>Affirmed</u>.