COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Ortiz and Causey
Argued at Fairfax, Virginia

JASON PARK

OPINION BY
v.      Record No. 0592-21-4      CHIEF JUDGE MARLA GRAFF DECKER
MAY 3, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge[1]

Alan J. Cilman for appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Jason Park appeals his conviction for refusal of a breath test, second offense. He argues

that the trial court erred by denying his motion to suppress the evidence, challenges the

information he received about the consequences of refusing a breath test, and contends that the

evidence was insufficient to support his conviction. For the following reasons, we affirm.

I. BACKGROUND[2]

This appeal arises from an encounter that the appellant had with a police officer on

November 14, 2019. That day, Officer Aaron Ciarrocchi of the Fairfax County Police

Department stopped at the scene of a single-vehicle accident. The car had struck a tree and

several bushes but was unoccupied when the officer arrived. The hood was cold, but the engine

---

[1] Judge David A. Oblon presided over the pretrial motion to suppress. Judge Michael F.
Devine presided over the bench trial and sentencing.

[2] Under the applicable standard of review, this Court views the evidence in the light most
favorable to the Commonwealth, as the prevailing party below. *See, e.g.*, *Hill v. Commonwealth*,
297 Va. 804, 808 (2019); *Otey v. Commonwealth*, 71 Va. App. 792, 795 (2020).

was warm. Several "Bud Light Platinums" lay on the ground outside the driver's side door of the car.

Officer Ciarrocchi noticed a vehicle, marked as a rideshare service, pull into a nearby parking lot. The appellant, appearing to be uninjured, emerged from behind some bushes. The officer asked him if the crashed car belonged to him. The appellant acknowledged that it did. He explained to the officer that the crash had occurred about five minutes earlier because he turned "too soon" for "the exit." The appellant also mistakenly believed that he had been traveling on Fairfax County Parkway. Officer Ciarrocchi asked for his driver's license, but the appellant could not find it, although it was later discovered in his pocket.

During the conversation, Officer Ciarrocchi noticed that the appellant's speech was slurred, his eyes were bloodshot and glassy, and his breath smelled like alcohol. In response to questioning, the appellant denied drinking any alcohol either before or after the accident. The officer asked the appellant to complete field sobriety tests, but the appellant declined.

Officer Ciarrocchi arrested the appellant for driving under the influence of alcohol (DUI). He then took the appellant to a detention center and asked him to provide a breath sample, but he declined. The officer read him a form notifying him of the consequences of refusal under Virginia's implied consent statute, and the appellant again refused. Officer Ciarrocchi then obtained a search warrant for a blood sample from him. The resulting analysis of the appellant's blood showed an alcohol content of 0.141%, with an error margin of 0.008%.

The appellant was charged with driving under the influence of alcohol, second offense, and refusal to submit to a breath test, second offense. Before trial, he made a motion to suppress the blood test results. He argued that his arrest was not supported by probable cause and was illegal because he was not offered a preliminary breath test at the scene in accordance with Code § 18.2-267. The appellant also challenged the contents of the "Information About Consequences

of Refusal" form, arguing that it did not notify him that in the event of refusal, police could still obtain a blood sample.

The trial court denied the motion. It concluded that probable cause supported the arrest. The court also opined that a preliminary breath test is a "field sobriety test," which the appellant refused, and that regardless "there is no suppression remedy for failure to offer a preliminary breath test." Last, the trial court held that a law enforcement officer is not required to affirmatively inform a driver that another form of test may be given if he or she refuses a breath test under the implied consent law.

At the ensuing bench trial, the appellant made a motion to strike the evidence of the DUI charge, arguing that the Commonwealth did not present sufficient evidence to exclude the hypothesis of innocence that he drank alcohol after the accident occurred. Agreeing that factual scenario was "plausible," the court granted the motion. The appellant then argued that the implied consent statute did not apply to him because the Commonwealth did not prove that he was driving and that his refusal to submit to the breath test was reasonable. The trial court rejected these arguments and convicted the appellant of refusing to take a breath test, second offense. The appellant was sentenced to sixty days in jail and a fine of $750, with all time and $400 suspended, along with a three-year suspension of his driver's license.

## II. ANALYSIS

The appellant challenges the trial court's denial of his motion to suppress, the adequacy of the document informing him about the consequences of refusing a breath test, and the sufficiency of the evidence. We consider each of these challenges in turn.

## A. Motion to Suppress

The appellant contends that the trial court erred by denying his motion to suppress. He argues that his arrest was not supported by probable cause and he was not offered a preliminary breath test in accordance with Code § 18.2-267.

### 1. Probable Cause

The appellant argues that the officer did not have probable cause to arrest him. He suggests that "the happening of an accident" alone did not provide probable cause for arrest. In addition, he contends that the beer containers on the ground outside the car tended to prove that he drank the beer after he drove the car off of the road rather than before the accident.

"When challenging the denial of a motion to suppress evidence," the appellant "bears the burden of establishing that reversible error occurred." *Mason v. Commonwealth*, 291 Va. 362, 367 (2016). An appellate court considers the evidence in the light most favorable to the party who prevailed below and affords to that party, in this case the Commonwealth, the benefit of all inferences fairly deducible from that evidence. *Id.* In ruling on the propriety of a trial court's denial of a motion to suppress, the reviewing court considers the evidence introduced at the suppression hearing as well as the evidence at trial. *See, e.g.*, *Commonwealth v. White*, 293 Va. 411, 414 & n.2 (2017).

In reviewing the evidence, this Court is bound by the trial court's "findings of historical fact unless 'plainly wrong' or without evidence to support them." *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (*en banc*). Under this standard, the appellate court "give[s] due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *White*, 293 Va. at 414 (quoting *Evans v. Commonwealth*, 290 Va. 277, 280 (2015)). Finally, we review *de novo* the ultimate question of whether law enforcement "had probable cause to make an arrest." *Doscoli v. Commonwealth*, 66 Va. App. 419, 424 (2016).

The standard for probable cause is well established. Probable cause exists when the facts and circumstances known to the officer "are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Al-Karrien v. Commonwealth*, 38 Va. App. 35, 47 (2002) (quoting *Taylor v. Commonwealth*, 222 Va. 816, 820 (1981)). This is an objective standard that focuses on the totality of the facts and circumstances. *Curley v. Commonwealth*, 295 Va. 616, 622 (2018). It involves a much lower evidentiary standard than proof beyond a reasonable doubt. *E.g.*, *Maryland v. Pringle*, 540 U.S. 366, 371 (2003); *see Doscoli*, 66 Va. App. at 427.

Here, the evidence, viewed objectively and in the light most favorable to the Commonwealth, amply establishes probable cause to arrest.[3] Officer Ciarrocchi found the appellant's car wrecked on the side of the road. The appellant was hiding in some bushes nearby while waiting for a rideshare service. When questioned, he admitted that he was involved in the accident a short time earlier but denied drinking any alcohol. As they talked, Officer Ciarrocchi noticed that the appellant's speech was slurred, his eyes were bloodshot and glassy, and his breath smelled like alcohol. The appellant did not know the street he was on and could not find his driver's license. Further, he refused to participate in field sobriety tests. *See Jones v. Commonwealth*, 279 Va. 52, 59 (2010) (considering the driver's "refusal to perform field

---

[3] The fact that the appellant ultimately was not convicted of driving under the influence does not affect our analysis. *See Slayton v. Commonwealth*, 41 Va. App. 101, 110 (2003) (holding that the fact that the defendant was not charged with the offense giving the officer probable cause to arrest was irrelevant to the legality of that arrest).

In addition, we note that the appellant argues that "Officer Ciarrocchi belie[ved] that the beers were consumed after the accident." However, "[p]robable cause . . . turns only on "'objective facts," not the "subjective opinion" of a police officer.'" *Id.* at 109 (quoting *Golden v. Commonwealth*, 30 Va. App. 618, 625 (1999)). Further, the appellant's recitation of Officer Ciarrocchi's testimony fails to view the evidence in the light most favorable to the Commonwealth. On cross-examination, the appellant's counsel asked the officer whether he "kn[ew] if [the appellant] was drinking before or after the accident or maybe both," and Officer Ciarrocchi responded that he did not. This record does not demonstrate that the officer believed that the appellant drank alcohol after the accident.

sobriety tests" along with other evidence in determining whether probable cause supported the arrest for driving under the influence of alcohol). This record, viewed under the proper standard, establishes probable cause to arrest the appellant for driving under the influence of alcohol. *See* Code § 18.2-266.

## 2. Preliminary Breath Test

The appellant argues that his arrest was unlawful because the officer did not first offer him a preliminary breath analysis in accordance with Code § 18.2-267.

Under Code § 18.2-267(A), any person suspected of driving under the influence of alcohol "shall be entitled, if such equipment is available, to have his breath analyzed to determine the probable alcoholic content of his blood."[4] The statute also directs an investigating law enforcement officer to inform the suspect of his or her rights under the code section. Code § 18.2-267(F).

The issues that the appellant raises here are (1) whether the officer violated the statute when he did not offer a preliminary breath test to the appellant, and (2) if so, whether the proper remedy is suppression of the evidence. The Court reviews these legal questions *de novo*. *See Commonwealth v. Quarles*, 283 Va. 214, 220 (2012).

Relating to the first question, the trial court held that after the appellant declined field sobriety tests, the police officer did not have to specifically offer a preliminary breath test. We begin our analysis by looking to the relevant section of the Code and its purpose. "The function of the preliminary breath test under Code § 18.2-267 is to provide an independent means to determine and resolve questions concerning probable cause . . . ." *Jones v. Town of Marion*, 28 Va. App. 791, 795 (1999), *aff'd*, 259 Va. 7 (2000). "By providing an immediate chemical test at

---

[4] There is nothing in the record to suggest that the equipment to conduct a preliminary breath test was not available, and that point is not in dispute.

- 6 -

the scene, the suspected driver and the suspecting officer are provided an impartial arbitrator[,] and whether the suspicion of driving under the influence is well grounded is made clear for the benefit of both." *Wohlford v. Commonwealth*, 3 Va. App. 467, 471 (1986). This statutory purpose distinguishes between arguably subjective field sobriety tests and an objective chemical-based test. *Cf. Jones*, 279 Va. at 58 (noting that a driver may reasonably refuse field sobriety tests due to "lack [of] physical dexterity" or a "reluctan[ce] to submit to subjective assessments by a police officer"). Therefore, we conclude that Code § 18.2-267 obliged Officer Ciarrocchi to specifically tell the appellant that he was entitled to a preliminary breath test and offer him one, even though the appellant declined "field sobriety tests."

As for the second question, regarding whether the proper remedy is suppression of the evidence, this Court has already answered it in the negative. Code § 18.2-267(F), requiring that an investigating officer inform a suspect of the right to take a preliminary breath test, does not provide that a violation is remedied by excluding the resulting evidence. *Compare* Code § 18.2-267(F) (containing no remedy), *with* Code § 19.2-56(B) (providing that "evidence obtained from a search warrant executed in violation of this subsection shall not be admitted into evidence"). "[U]nless the statute expressly provides for an evidentiary exclusion remedy," a violation of a statute does not require suppression of "the offending evidence." *Seaton v. Commonwealth*, 42 Va. App. 739, 757 n.7 (2004). This is not a new concept. "[H]istorically, searches or seizures made contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right." *Troncoso v. Commonwealth*, 12 Va. App. 942, 944 (1991) (alteration in original) (quoting *Commonwealth v. Brown*, 8 Va. App. 41, 44 (1989) (Baker, J., concurring)). "[T]he fact that a[n act] violates a legislative mandate without violating the Constitution does not provide for the exclusion [of the resulting evidence]." *Taylor v. Commonwealth*, 28 Va. App. 638, 641 (1998). As this Court held in *Wohlford*, 3 Va. App. at

471, "failure to comply" with Code § 18.2-267(F) "does not, standing alone, invalidate the arrest or render the subsequently administered . . . test inadmissible."[5]

Here, as in *Wohlford*, the circumstances supported the arrest and thus "the trial court properly refused to suppress the fruits of that arrest." *See Jones*, 28 Va. App. at 794-95 (holding that the investigating officer's failure to comply with Code § 18.2-267 did not invalidate the arrest). For these reasons, the trial court did not err by denying the appellant's motion to suppress the evidence.

## B. Refusal Form

The appellant argues that the form notifying him of the consequences of refusal "was misleading and dishonest." He contends that it should advise an accused that refusal will not necessarily prevent law enforcement from obtaining a blood sample by other means as another way to assess the accused's level of intoxication. In considering this assignment of error, we review the facts in the light most favorable to the Commonwealth but apply a *de novo* standard of review to the trial court's legal determination. *See, e.g.*, *Joyce v. Commonwealth*, 72 Va. App. 9, 13-14 (2020).

The form that the officer read to the appellant, entitled "Information About Consequences of Refusal," provides the following in relevant part:

> The Code of Virginia provides that if you . . . operate a motor vehicle upon a highway in the Commonwealth and are arrested for a drug or alcohol-related driving offense . . . , if arrested within three hours of the alleged offense, you shall be deemed to have agreed . . . to consent to have a sample of breath, blood, or both breath and blood taken for chemical testing to determine the alcohol and/or drug content of your blood. . . .

---

[5] The legislature has amended Code § 18.2-267 many times since this Court's opinion in *Wohlford* without adding exclusionary language. *See* 2005 Va. Acts chs. 757, 840, 868, 881; 2004 Va. Acts ch. 1013; 1996 Va. Acts chs. 154, 952; 1994 Va. Acts chs. 359, 363; 1992 Va. Acts ch. 830; 1990 Va. Acts ch. 825.

If you refuse to permit the taking of a required sample of breath, blood, or both breath and blood, and your refusal is unreasonable, your refusal constitutes a separate offense.

*See* Sup. Ct. of Va., Form DC-233 (rev. Mar. 2017), http://www.vacourts.gov/forms/district/ dc233.pdf.

The document relates to a requirement in Code § 18.2-268.3. That statute proscribes an unreasonable refusal to submit to such a test under the implied consent statute. Code § 18.2-268.3(A) (providing that a first violation constitutes a civil offense and a subsequent violation within ten years constitutes a criminal offense). It also provides that a person refusing to comply with the implied consent law must be informed of that law as well as the fact that such refusal constitutes an offense. Code § 18.2-268.3(C); *see also* Code § 18.2-268.2 (implied consent statute). This mandate by its plain language relates exclusively to the act of refusal and the direct legal consequences, namely, an independent civil or criminal offense.

The appellant argues that the form misled him by not notifying him that if he refused to submit to a breath test the police officer could compel a blood test.[6] He suggests that by telling him that a separate charge would result from his refusal, the clear implication was that such a charge would be the *only* consequence. The appellant reasons that he was entitled to rely on the form's alleged implication that his refusal would ultimately be effective in preventing a chemical analysis of his blood-alcohol level. He essentially believes that the Commonwealth had an

---

[6] The appellant argues that if a suspect is informed that police will obtain a sample for testing regardless of his refusal, "the chances of any accused refusing to provide a sample [are] virtually zero." If we were inclined to theorize about the hypothetical decisions of hypothetical suspects, we might conclude that a defendant may have strategic reasons to refuse the test even if ultimately being compelled to undergo a blood test is a foregone conclusion. *See Bailey v. Commonwealth*, 215 Va. 130, 131 (1974) (noting that the defendant's attorney had advised him "not to take the test"); *Davis v. Commonwealth*, 8 Va. App. 291, 296 (1989) ("[B]lood alcohol concentration, as measured by a chemical test, is a function of many factors including, . . . the length of time between drinking and measurement.").

affirmative obligation to inform him that in the event of his refusal, he would be subject to a separate charge *and* a blood test if Officer Ciarrocchi could obtain a search warrant for the test.

The appellant suggests that the officer misled him by reading the form. His factual premise is flawed. The representation that he would be subject to a separate charge if he refused a test, in violation of the implied consent statute, was a requirement of the refusal statute. By reading the form, the officer met the obligation under the statute. The form did not constitute a representation that Officer Ciarrocchi would not seek to obtain a blood sample through a search warrant.

Further, the appellant's legal argument fails. In support of this assignment of error, the appellant cites only cases that stand for the proposition that due process allows a party to rely on legal representations made by a government authority regarding non-prohibited conduct. *See United States v. Pa. Indus. Chem.*, 411 U.S. 655, 674 (1973); *Cox v. Louisiana*, 379 U.S. 559, 568-71 (1965); *Raley v. Ohio*, 360 U.S. 423, 425-26 (1959); *Miller v. Commonwealth*, 25 Va. App. 727, 735-37 (1997). The principle is "that the criminal statute under which the defendant is being prosecuted cannot constitutionally be applied to the defendant without violating due process of law, where government officials have misled the defendant into believing that his conduct was not prohibited." *Miller*, 25 Va. App. at 736 (quoting Jeffrey F. Ghent, Annotation, *Criminal Law: "Official Statement" Mistake of Law Defense*, 89 A.L.R.4th 1026, 1031 (1991)).

To avail oneself of this due process "defense," a defendant must prove three things. *Branch v. Commonwealth*, 42 Va. App. 665, 671 (2004). First, he must establish "that he was assured that the conduct giving rise to the conviction was lawful." *Id.* Second, the defendant must demonstrate "that the assurance was given by a 'government official,' i.e., 'a public officer or body charged by law with responsibility for defining permissible conduct with respect to the

offense at issue.'" *Id.* (quoting *Miller*, 25 Va. App. at 739). Third, he must prove "that, based on the totality of the circumstances, reliance upon the advice was reasonable and in good faith." *Id.*

In this case, the appellant is not asking for protection for conduct that a government authority assured him was legal. Instead, in accordance with Code § 18.2-268.3, Officer Ciarrocchi specifically told him that refusing the breath test would constitute a separate civil or criminal offense. The officer advised the appellant of precisely what he was required to tell him regarding the implications of refusal to take the breath test. The due process principle relied on by the appellant does not apply here, and we decline the invitation to expand it to the totally different facts at issue. *See id.* We hold that the trial court appropriately concluded that the information that the appellant received did not violate his right to due process.

## C. Sufficiency of the Evidence

The appellant challenges the sufficiency of the evidence to support his conviction for unreasonable refusal of a breath sample. When presented with such a challenge in a criminal case, an appellate court presumes "[t]he judgment of the trial court [to be] . . . correct[,] and [it] will not be disturbed unless it is plainly wrong or without evidence to support it." *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). This deference is also owed to the trial court's inferences drawn "from basic facts to ultimate facts." *See Davis v. Commonwealth*, 65 Va. App. 485, 500 (2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In the end, the appellate court asks only "whether any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).

Under Code § 18.2-268.2(A), in relevant part, any person arrested for driving under the influence and "who operates a motor vehicle upon a highway . . . in the Commonwealth" is deemed to have consented to chemical testing to determine blood-alcohol level. In turn, Code § 18.2-268.3(A) provides that "[i]t is unlawful for a person who is arrested for" driving under the influence "to unreasonably refuse to have samples of his breath taken for chemical tests to determine the alcohol content of his blood as required by § 18.2-268.2."

The appellant suggests two reasons why the evidence was insufficient. First, he argues that the Commonwealth failed to prove that he operated the vehicle. Second, the appellant contends that his refusal to submit to a breath test was reasonable.

### 1. Operation of the Vehicle

The appellant argues that the Commonwealth did not disprove his claim that he was not the driver and therefore did not operate a motor vehicle on a highway as required under the statutory scheme. He points to the possibility that another person was in the car, particularly since the passenger airbags deployed. The appellant suggests that the only evidence supporting the conclusion that he drove the vehicle was his uncorroborated "confession."

The hypothesis that there was a second person in the car who was driving it was rejected by the trier of fact. The evidence in the record that the passenger airbags deployed was Officer Ciarrocchi's testimony that "[a]ll the airbags had deployed." The trial court noted that this evidence did not establish that "there was a passenger airbag to go off." The court also commented on the lack of evidence related to the trigger mechanism for the airbags and the possibility that the vehicle had only "one sensor for all the front seat air bags." Ultimately, the

trial court, as trier of fact, found that the appellant *was* the driver and expressly rejected the appellant's hypothesis of innocence to the contrary.

"The reasonable-hypothesis principle . . . is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). "The only requirement" in a circumstantial case is that the Commonwealth "put on enough circumstantial evidence such that a reasonable [fact finder] could have rejected [the] defendant's [hypothesis] of innocence." *Davis*, 65 Va. App. at 502. As long as "a rational factfinder could reasonably reject [the appellant's] theories in his defense and find that the totality of the suspicious circumstances proved [his guilt] beyond a reasonable doubt," the appellate court must affirm the conviction. *See Moseley*, 293 Va. at 466.

In this case, the Commonwealth presented evidence that Officer Ciarrocchi found the appellant alone near a single-car accident. The appellant summoned a rideshare service to take him from the accident scene and waited behind bushes for his ride. When confronted by the officer, who arrived shortly after the accident, the appellant admitted that he had been driving and explained that he drove off the road when he turned too early for his exit. This evidence was entirely sufficient to support the finding that the appellant was the driver. *See Holloway v. Commonwealth*, 57 Va. App. 658, 666 (2011) (*en banc*) (stating that "[w]hether an alternative hypothesis of innocence is reasonable is a question of fact" subject to reversal only if plainly wrong (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004))).

The appellant is correct that an uncorroborated confession by itself is not sufficient evidence to support a conviction. "The corpus delicti rule requires the Commonwealth to introduce evidence independent of an extrajudicial confession to prove that the confessed crime actually occurred—that is, to prove the corpus delicti." *Allen v. Commonwealth*, 287 Va. 68, 72

- 13 -

(2014). Assuming without deciding that the appellant's statement that he was driving the car was a confession, we consider whether the Commonwealth presented corroborating evidence. *See generally Terlecki v. Commonwealth*, 65 Va. App. 13, 26 (2015) ("A confession is 'a statement admitting or acknowledging all facts necessary for conviction of the crimes' charged, while an admission admits of 'facts tending to prove guilt but falling short of an admission to all essential elements of the crime.'" (quoting *Claxton v. City of Lynchburg*, 15 Va. App. 152, 155 (1992))). Only "*slight corroboration* of [a] confession is required to establish corpus delicti beyond a reasonable doubt." *Allen*, 287 Va. at 74 (quoting *Cherrix v. Commonwealth*, 257 Va. 292, 305 (1999)). Here, the appellant's statement that he was driving was corroborated by his sole presence at the scene and the crashed vehicle itself. The appellant appeared to be intoxicated and smelled like alcohol, and beer containers were found outside the driver's door. Further, his statement that the accident had happened recently was corroborated by the fact that the car's engine was warm when the officer felt it.

Based on this record, the evidence was sufficient to find that the appellant was the driver.

### 2. Unreasonable Refusal

The appellant contends that his refusal to take a breath test was reasonable and thus not prohibited conduct under the statute. He focuses on the possibility that he drank the beer after the accident. The appellant theorizes that drinking alcohol after driving would render any breath test worthless and that therefore his refusal to submit to the test was reasonable.

To the extent that statutory interpretation is necessary to resolve this particular sufficiency issue, this Court reviews that aspect *de novo*. *See D'Amico v. Commonwealth*, 287 Va. 284, 288 (2014). Criminal statutes must be "strictly construed against the Commonwealth." *Green v. Commonwealth*, 72 Va. App. 193, 202 (2020). Even so, the court interpreting the statute must determine legislative intent "from the plain meaning of the language used" in the

- 14 -

statute.  *Hillman v. Commonwealth*, 68 Va. App. 585, 592-93 (2018) (quoting *Meeks v. Commonwealth*, 274 Va. 798, 802 (2007)).

Under the plain language of Code § 18.2-268.3, to violate the statute, the refusal to submit to the breath or blood test must be unreasonable.  *Brothers v. Commonwealth*, 50 Va. App. 468, 473-74 (2007).  If the refusal is reasonable, the person has not violated the statute. "[T]he circumstances in which one may reasonably refuse the test and abrogate the consent implied by law are narrow, such as 'where a person's health would be endangered by the withdrawal.'"  *Id.* at 475 (quoting *Deaner v. Commonwealth*, 210 Va. 285, 293 (1969)); *see also Cash v. Commonwealth*, 251 Va. 46, 50 (1996) (recognizing a health risk as an acceptable reason to refuse a test).

Implied consent "is not a qualified consent and it is not a conditional consent, and therefore there can be no qualified refusal or conditional refusal to take the test."  *Deaner*, 210 Va. at 292.  In Virginia, case law makes clear that a refusal is unreasonable if based on an unwillingness to take the test without legal counsel, *D'Amico*, 287 Va. at 290, a fear that police will tamper with the test results, *Cash*, 251 Va. at 52, advice from counsel against taking such a test, *Bailey v. Commonwealth*, 215 Va. 130, 131 (1974), or a belief that the test is unnecessary, *Quinn v. Commonwealth*, 9 Va. App. 321, 323 (1990).

The holdings in these cases align with the purpose of the implied consent statute:  to determine the driver's "state of intoxication or sobriety."  *Quinn*, 9 Va. App. at 324.  If a suspect is intoxicated because he drank alcohol after driving, that is a defense to a DUI.  It is not, however, sufficient reason to lawfully refuse to submit to a test under the implied consent statute. *See generally Steinbrenner v. Comm'r of Pub. Safety*, 413 N.W.2d 557, 559 (Minn. Ct. App. 1987) ("[P]ost-driving consumption of alcohol may be raised by the driver as an affirmative defense if the driver takes the test, [but] it may not be raised as a basis for a reasonable refusal."

(citation omitted)), *cited with approval in Quinn*, 9 Va. App. at 324. To hold that the availability of a factual defense to the charge of drunk driving constitutes a reasonable basis for the refusal under Code § 18.2-268.3 would "frustrate the intent and object of the law." *See Brothers*, 50 Va. App. at 475 (quoting *Deaner*, 210 Va. at 293).

The appellant's refusal based on his belief that it would not establish that he drank alcohol before the wreck pertained to a factual defense to the charge of driving under the influence of alcohol. It was not a reasonable basis for refusal. Accordingly, we hold that the evidence was sufficient to support the appellant's conviction.

## III. CONCLUSION

The trial court did not err in denying the appellant's motion to suppress. Further, the appellant's challenge to the implied consent form fails. Finally, the Commonwealth presented sufficient evidence to prove that the appellant was the driver and that his refusal was unreasonable. Consequently, we affirm the conviction for refusal of a breath test, second offense.

*Affirmed*.